**CENTRAL TRUST CO. Appellee v. McCARTHY, Sr. Appellant; HUNT et, Appellees.**

Ohio Appeals, First District, Hamilton County.

No. 6318.   Decided November 22, 1943.

Messrs. Paxton & Seasongood, Cincinnati, and Mr. Robert P. Goldman, Cincinnati, for The Central Trust Company.

Messrs. Harmon, Colston, Goldsmith & Hoadly, Cincinnati, for Peter J. McCarthy, Sr.

528

Mr. Ralph E. Clark, Cincinnati, for The Council of Churches of Greater Cincinnati.

Mr. Evans W. DeCamp, Cincinnati, for Watson Smith.

Mr. Charles H. Stephens, Cincinnati, for Lydia S. Hunt.

## OPINION

By MATTHEWS, J.

This is an action for a declaratory judgment, determining the legal status of, and construing the trust instrument under which the plaintiff acts. The executor of the settlor, while denying the validity of the trust instrument and the legal effect of its provisions, nevertheless joins in the prayer for a declaration on the subject. All the other defendants in one way or another support the position of the plaintiff. The case comes to this Court on appeal on questions of law.

On June 6th, 1932, Lucy A. Smith, owning an undivided 30/96th, and seven other co-tenants, conveyed to The Central Trust Company by general warranty deed the absolute fee simple title to nineteen parcels of real estate. This deed was duly recorded, thereby vesting in The Central Trust Company the complete title of record. On the same day, a trust agreement was entered into between the grantee and the grantors, setting forth the terms under which the grantee held the property and the rights of the grantors as beneficiaries of the trust.

The trust agreement provided that the trustee should collect the rentals and other income and pay the net income to the grantors quarterly in proportion to their respective interests during their respective lives, and in the event any part should be sold or exchanged the cash and readily marketable securities should be distributed. Provision was made for making reports and for withholding enough to pay the expenses of a prudent management and preservation of the property.

By Paragraph 4 it was provided that:

"On the death of any Grantor the payments, transfers and conveyances that would have been made to said Grantor,

had he or she been alive, provided said Grantor has not previously transferred his interest therein, shall be made to the person or persons named to receive the same by valid last will and testament or codicil thereto of the deceased Grantor, and in default thereof to the residuary devisee or devisees named in the valid last will and testament or codicil thereto of said deceased Grantor, and in default thereof to the heirs at law of said deceased Grantor, determined as of the time of his or her death according to the statutes of the State of Ohio then in force."

And further provision was made for intestacy, as follows:

"If no valid last will or testament is offered for probate in a court having jurisdiction at the residence of the Grantor within six (6) months after the death of the Grantor, or within one (1) month after a previous will has been finally adjudicated invalid, then the Trustee shall be entitled to distribute to the heirs of such decedent."

By subsequent paragraphs, it was provided that:

"The interest of any devisee, residuary devisee and/or heir shall be a vested interest from the time of the death of the Grantor under whom he claims.

"This trust shall terminate either when all the property in trust has been reduced to cash and/or readily marketable securities and the cash and/or readily marketable securities distributed to the persons entitled thereto, or at the expiration of twenty-one (21) years from the date of the death of the last survivor of the Grantors, whichever event occurs first. This trust may be altered, modified or revoked by directions in writing delivered to the Trustee and signed by all of the persons at that time the owners of equitable interests in the trust, and guardians shall have the right to sign such instruments for their respective wards; but no alteration or modification of this trust shall be effective unless and until accepted in writing by the Trustee. Whatever property is in the hands of the Trustee on the date of termination of the trust shall be distributed by appropriate payment, assignment, conveyance or other method of transfer to the persons entitled thereto.

"The entire equitable interest of any Grantor or other person in the trust property, or any part thereof, may be transferred by the owner thereof by appropriate instrument executed with the formality required for the transfer of any interest in real estate in Ohio, and such transfer shall, if so intended, be free of the contingent interest of Grantor's devisees or heirs, and any transferee shall have the power similarly to convey a fee simple equitable interest."

"The Trustee shall have full and continuing power and authority, in its discretion, to insure, improve, sell, transfer, exchange, convey, with or without warranty; to lease, at will, perpetually or for a term of years, with or without privilege of purchase; to mortgage or otherwise encumber; the whole or any part of the property, real or personal, at any time held in trust, all without notice, appraisement, valuation or court order at public or private sale, for such price or prices and upon such terms and conditions as to payment or otherwise as to it may seem advisable; ánd in connection with exchanges it may assume mortgages or other liens or encumbrances, as Trustee. It shall also have full and continuing power and authority to manage the real estate and improvements thereon as it sees fit, to make alterations, repairs and improvements thereon, to raze and demolish buildings or other improvements, or any part thereof, and in all other respects to deal with said property as though it were the sole owner thereof."

"The Trustee shall have the exclusive right to manage and control the trust estate as it may deem for the best interests of the Grantors or their transferees, free from all control by the Grantors or their transferees, as fully and to the same extent as if the Trustee were the sole owner thereof, and shall not be subject to any obligations to the Grantors or their transferees other than such as are expressly assumed hereunder or are imposed upon it by law."

The grantors for themselves and their transferees waived all right to partition.

There are many other provisions whereby the trustee is given full power and protection in the exercise of such power, and for compensation for its services.

The trustee proceeded to administer said trust, collected the rent, managed the property, sold some tracts and otherwise exercised the power conferred without let or hindrance during the lifetime of Lucy A. Smith. She died on August 12th, 1938,

leaving a will which was duly probated on September 3rd, 1938, and Peter J. McCarthy, Sr., and another who has since died, were appointed executors. The other grantors are still living.

By her will, Lucy A. Smith provided that:

"I give devise and bequeath to Mr. Peter J. McCarthy, Sr. my friend and legal adviser together with some one the Lincoln National Bank of Cincinnati, Ohio may appoint, to take possession of my home, 3054 Lischer Ave., Westwood and all my property both Real and Personal, and I now hereby appoint them both as Executors of my Estate, without Bond, empowering them to deal with everything, both Real and Personal in which I am interested, with full power, and authority to sell any, and all Real Estate according to their best judgment."

She then gave specific articles of personal property located in her home on Lischer Avenue, Cincinnati Ohio, to various friends and relatives. These were followed by many bequests of money, mostly to relatives totaling $86,300, and these specific bequests were followed by a residuary provision in this language:

"I hereby authorize and empower my Executors herein named and direct that they distribute all the rest, residue and remainder of my estate, of every kind and description, as follows:

"The Mt. Auburn Baptist Church, Auburn and Gilman Avenues, Mt. Auburn, Cincinnati, Ohio.

"The Federation of Churches, Cincinnati, Ohio.

"The Community Chest, Cincinnati, Ohio.

"The Cincinnati Automobile Club for Orphans and Childrens Outings.

"The Children's Home, 909 Plum Street, Cincinnati, Ohio through Dr. J. B. Ascham.

"The Ohio Humane Society, 312 W. 9th Street, Cincinnati, Ohio."

All the debts of Lucy A. Smith and all the specific legacies have been paid. The residuary legatees under the will of Lucy A. Smith are the beneficial owners of the undivided 30/96th of the estate of which the plaintiff is trustee. The sale of her interest is not necessary to the administration of her estate.

While Lucy A. Smith received her share of the rents from this trust property, she made no mention of the trust in her will. She did create a trust as to one specific legacy.

After Lucy A. Smith's death, all her heirs joined in a quitclaim deed of all their right, title, and interest as heirs of Lucy A. Smith in the trust estate to the residuary legatees named in her will.

The executor contests the right of the plaintiff to continue to administer this trust and treat the residuary beneficiaries under Lucy A. Smith's will as the cestui que trustants on these grounds:

(1)  That the trust is testamentary in character and for that reason did not divest Lucy A. Smith of title in her lifetime, and as it was not executed with the formalities of a will, it could have no effect upon the devolution of the title upon her death.

(2)  That the trust agreement created an agency only.

(3)  That by the terms of Lucy A. Smith's will, her executor is made the legatee and devisee of the legal title of all the testatrix's property in trust for the purposes stated in her will and that, therefore, whatever is acquired by any one on the death of Lucy A. Smith must be through her executor acting as trustee to carry out her testamentary intent.

The Common Pleas Court held that the plaintiff was the holder of the legal title, that the trust agreement was valid in all respects, that the residuary legatees named in the will of Lucy A. Smith were the beneficial owners of the interest of Lucy A. Smith in the trust estate and entitled to receive the rents and proceeds of its sale directly from the plaintiff according to the terms of the trust agreement.

The defendant, Peter J. McCarthy, Sr., as executor appealed on questions of law.  No appeal was taken by any other party.

The appeal came on for hearing originally upon motions to dismiss the appeal on the ground that as to the executor the order was not appealable, or, in the alternative, to affirm the judgment on the ground that the declaration of rights could not be prejudicial to the executor.  After hearing arguments, we postponed ruling upon the motions and set the case for hearing upon the merits of the appeal.  That hearing has taken place and the cause is now submitted upon the motions, and, if they are overruled, then upon the merits.

(1)  The motion to dismiss is overruled.  Regardless of the merits of the executor's contention, he has invoked the ap-

pellate jurisdiction of this Court to review the action of the trial court and determine whether the record discloses substantial error to his prejudice. If no error appears, or if it does, it is found not to be prejudicial to any right of the executor, the judgment will be affirmed. But that is no basis for the dismissal of the appeal.

The alternative motion to affirm raises the same issues that are always presented upon an exercise of appellate jurisdiction to review the record and they are (1st) whether error is apparent upon the record, and (2d) whether such error, if any, is substantial to the prejudice of the appellant. Those are the issues raised by this appeal, and, having studied this record, we affirm the judgment, both, because there is no error and for the further reason that the error asserted by the appellant, if found to exist, would not be prejudicial. We shall set forth briefly our reason for this conclusion.

(2) Appellant attacks the validity of the trust agreement in toto on the ground that it is an attempt to dispose of property by will without complying with the statutory formality. It seems to us sufficient answer to this to point out that there is no attempt whatsoever in this instrument to create an estate to take effect upon death. It recognizes the settlors as the owners of the entire equitable title and in express terms provides that each settlor may transfer his or her respective equitable interests, either during life or by will. The express recognition of the right to transfer by deed or will certainly cannot be construed to be either a deed or a will. The trust agreement created the equitable estate in the settlors and no one else. The individual share remains in each settlor, unless and until he or she transfers it by conveyance during life, or by will, or it passes by operation of law. In this case any transfer of the title of the testatrix passes by her will and not by force of the trust agreement. So far as we know there is no claim to the contrary.

So we hold that this trust agreement lacks the essential element of a will, to-wit: a provision to pass title upon the death of the owner, and lacking such, cannot be denounced as an unsuccessful attempt to make a will.

(3) It is next urged that the relation created between the plaintiff and the settlors by these instruments is that of agent and principal, and that the agency terminated upon the death of the principal.

This contention ignores the fact that the absolute legal title was conveyed to the plaintiff by a duly executed and re-

corded quit-claim deed. That title remained in the grantee, notwithstanding the grantor's death.

Counsel relies on **Worthington v Redkey, 86 Oh St., 128, Cleveland Trust Co. v White, 134 Oh St 1,** and **Central Trust Company v Watts, 139 Oh St 50.** They do not support their position. Worthington v Redkey involved a transaction antedating the passage of the amendment to §8617 GC, whereby it was provided that the creator of a trust could reserve any power to himself which he might lawfully grant to another, including the power to alter, amend, or revoke the trust, and that such a trust would be valid as to all persons. By virtue of this statute, the trust involved in **Union Trust Co. v Hawkins, 121 Oh St 159,** was sustained. As the trust agreement here under consideration was executed after the amendment to §8617 GC, it i. e., the amendment, and Union Trust Company v Hawkins, construing it, are directly applicable. Furthermore, there is not in the instrument here under consideration any reservation of the right or power to any individual acting separately to revoke. It could only be done by the joint action of all. Lucy A. Smith could not revoke as to her individual interest because she had not reserved such power, but also because she had agreed upon consideration with the other settlors not to do so.

In Cleveland Trust Co. v White also the Court was considering a trust instrument that ante-dated the amendment to §8617 GC. The Court held that this trust was valid. The case is cited for the general statement that: "No valid trust is established when the settlor reserves powers which in their cumulative effect amount to ownership of the trust estate, with such control over the administrative function of the trustee to make him simply the settlor's agent or representative." An examination of the powers reserved by Lucy A. Smith is sufficient to show that their cumulative effect falls far short of absolute ownership. As already pointed out, she did not have unlimited power of revocation and while the trust existed she had no control over the management, and she had no power to compel partition.

In Central Trust Co. v Watts the trust was sustained and we find nothing in any of the opinions that would invalidate this trust. The fact is that the discussion in all those cases resulted from reliance upon the trust instrument to direct the devolution of the title upon the death of the settlor. There is no such issue in this case. All claimants here rely upon the

will of Lucy A. Smith as the source of their title and not at all upon the trust instrument. The deed and the trust agreement had the effect of splitting the title into its legal and equitable parts and that is all. And in the presence of the recorded deed it cannot be debated that the plaintiff has the legal title and in view of the agreement it is not, and cannot be, disputed that it holds in trust. But neither nor both instruments cast any title upon any of the defendants. It's the will of Lucy A. Smith that does that.

So we hold that the plaintiff is a trustee of the legal title for the uses and purposes set forth in the trust agreement in favor of Lucy A. Smith and those deriving title by virtue of her will. Let us look at her will.

(4) It is claimed that the will vests title in the executors. A reading of the will is sufficient to show that that claim is of doubtful validity. However, we assume, without deciding, that the executor has all the titlte that the testatrix was capable of conveying. Now what was that title?

It was not the legal title, because that was vested in the plaintiff. It could only be a sub-trust of the equitable title that she created by her will. 1 Scott on Trusts, §83, p. 456, et seq. And for what purpose would he hold this equitable title? That question is answered by the will itself to be for the sole purpose of distributing it to the residuary beneficiaries. He would hold it in the same way any trustee holds property after all the purposes of the trust have been executed, and that is, to pay or deliver the trust property to those entitled.

Even when the trust period has not expired, the beneficiaries, being sui juris, may terminate the trust when the active duties of the trustee have been performed and the purpose of the trust fulfilled. In 3 Scott on Trusts, §337, at p. 1833, et seq., it is said:

"Although the time designated by the terms of the trust for its termination has not arrived, the beneficiaries, if they all consent and are sui juris, can compel its termination if its continuance is not necessary to carry out a material purpose for which it was created."

And, at page 1835:

"Where all of the beneficiaries wish to terminate it the

trust will not be continued merely for the purpose of enabling the trustee to earn his compensation."

See, also: 26 R. C. L., 1378; **Robbins v Smith, 72 Oh St 1,** at 19.

And, assuming that the executor had title with an express direction to convert and distribute, he would have no vested right to do that against the wishes of the residuary legatees.

In 3 Scott on Trusts, §346, p. 1896, the author says:

"Where the will directs that the property be sold and the proceeds distributed among several persons, they may, if they are all sui juris and if they all consent, elect to take the property in specie."

And this rule, in substance, is found in **§10509-181 GC,** which authorizes distribution in kind by an executor to beneficiaries willing to receive in kind.

We are of the opinion that whatever the nature of the trust, if any, of which the executor is the trustee, whether it is the trust imposed by law upon a personal representative or a mere enlarged trust imposed by will, these residuary legatees had, and have the right to terminate it and elect to take the property in specie.

However, even assuming that the trial court erred, we are of the opinion that the executor was not prejudiced thereby.

There are instances, of course, when it is the duty of an executor or other trustee to appeal from an adverse decision in order to preserve the trust estate for the beneficiaries, but such instancs bear no resemblance to a case of this sort to which all the beneficiaries are parties with full opportunity to appeal but have not or requested the executor to do so. On the contrary, they appear as appellees to resist the executor's contentions as contrary to their wishes and interests. No substantial prejudice to the estate or the purpose of the settlor is manifest under such circumstances. This conclusion is supported by our decisions in **First National Bank v Rawson, 54 Oh Ap 285,** and **In Re Estate of Hoffman, 68 Oh Ap 47.**

For these reasons, the judgment is affirmed.

ROSS, P. J., and HILDEBRANT, J., concur.