**BYERLY**, Estate of, In re.

Ohio Appeals, Second District, Madison County.

No. 209. Decided March 22, 1956.

D. H. Jackman, Wallace V. Nichols, London, for executor-appellant, Carl Byerly.

William S. Culp, West Jefferson, for exceptor-appellee, Imer Byerly.

(DEEDS, J, of the Sixth District, sitting by designation in the Second District.)

## OPINION

By MILLER, PJ.

This is a law appeal from a judgment of the Common Pleas Court sustaining exceptions Nos. 3, 4, 8 and 9, to the inventory filed by the executor in the matter of the estate of Rozella Byerly, deceased. The record reveals that the appellant is Carl Byerly, the executor of the estate. Counsel for the exceptor, the appellee herein, has filed a motion seeking an order dismissing the appeal for the reason that an executor has no right to appeal from such an order, the reason assigned being that he is not an aggrieved party. He urges the right of appeal extends only to one who is aggrieved or whose substantial right has been affected by the final order appealed from; that Carl Byerly as an individual is not a party to the action; that it is the duty of the fiduciary to take possession or gain control of all the assets of the decedent and account for the same according to law; that the fiduciary as such has no personal property interest in the assets he is administering other than those rights and corresponding duties bestowed upon him by statute. The right to an appeal from an order of the Probate Court is found in §2101.42 R. C., which provides in part:

"An appeal on a question of law and fact may be taken to the court of appeals in all cases in which such court has appellate jurisdiction. Such appeal may be taken from any order, decision, or judgment of the probate court, by a person against whom it is made or whom it affects, in the manner and within the time provided for the prosecution of such appeals from the court of common pleas to the court of appeals. The cause appealed shall be tried and decided in the court of appeals as provided in §§2505.01 to 2505.45, inclusive, R. C.

It will be noted that an appeal may be taken "by a person against whom it is made or whom it affects." Ordinarily, an executor is not an interested party in such a proceeding where the judgment affects only the rights of the beneficiaries. Under such circumstances he cannot be an aggrieved party. **In re Estate of Turpen, 26 Abs 584; First National Bank v. Rawson, 54 Oh Ap 285; In re Kelly's Estate, 68 Oh Ap 551.** However, when the order affects the executor in the performance of his official duties we think a different situation is presented. An examination of the errors assigned reveals that the executor is not taking exceptions to the ruling of the court ordering that certain property be included in the inventory, but his complaint is that the property ordered included in the inventory cannot be located. In other words, that it is a physical impossibility for him to comply with the court order. He is an aggrieved party for if the order is enforced he would be charged with certain assets for which he would be unable to account. In 2 Amer. Jur. Section 183, page 960, the following pertinent statement is found:

"An executor or administrator may institute appeal or error proceedings where he is a party aggrieved or prejudiced, within the meaning of appeal statutes, by a judgment, order, or decree. The cases in which he is aggrieved fall within two classes—Namely, (1) those affecting the estate of his decedent, that is, in the executor's representative capacity, and (2) those affecting himself personally. In each of these classes executors and administrators have frequently been allowed to appeal."

It is our conclusion that the judgment would affect the executor personally and in his representative capacity, if he is correct in his contentions, hence the motion to dismiss will be overruled.

We will now give consideration to the errors assigned, the first of which charges that the judge of the Common Pleas Court who heard this matter was without jurisdiction to hear the exceptions to the inventory. **Article 4, Section VIII of the Ohio Constitution** confers jurisdiction upon the Probate Court in "testamentary matters, the appointment of administrators and guardians, the settlement of accounts of executors, administrators, and guardians, * * *." The record reveals that the Probate Court attempted to transfer jurisdiction to the Common Pleas Court by virtue of the following order:

"On motion of Joseph S. King, Judge of the Probate Court of Madison County, Ohio, it is ordered that this cause be certified to the Court of Common Pleas of Madison County, Ohio, for hearing and determination upon Exceptions to Inventory and Appraisement, and that the said Inventory and Appraisement and all the original papers connected with this proceeding be filed with the Clerk of the Court of Common Pleas of Madison County, Ohio, as required by law."

Authority for the transfer is found in §§**2101.37** and **2101.38 R. C.**, to wit:

"When the probate judge of any county is absent, or is unable to attend court, or the volume of work in his office necessitates it, he may call upon a judge of the court of common pleas having jurisdiction in said county to act in his place, or in conjunction with him, or he may call upon the chief justice of the supreme court, who shall designate a judge of the court of common pleas or a probate judge to act in the place of such absent or incapacitated probate judge, or in conjunction with him."

"Sec. **2101.38 R. C.** * * *

"If a probate judge is interested, as heir, legatee, devisee, or other manner in an estate which would otherwise be settled in the probate court of the county where he resides, such estate, and all of the accounts of guardians in which the judge is interested, shall be settled by the court of common pleas of the county."

It will be noted that the order of transfer contains no statement of fact or finding which brings it within the terms of the aforesaid sections of the Revised Code. No request was made for such a transfer and no reason appears in the record which would preclude the probate judge from sitting in the case. In the case of **In re Estate of Thrush, 76 Oh Ap 411**, Judge Guernsey says at page 423:

"The Probate Court has constitutional jurisdiction of probate and testamentary matters and the accounts of executors and administrators. Such constitutional jurisdiction necessarily comprehends jurisdiction of inventories of administrators and executors and exceptions thereto, as inventories are essential to the accounting of executors and administrators. Incident to the constitutional jurisdiction in the premises, the Probate Court has plenary power to dispose of any matter properly before it, including the power to adopt and apply remedies which are legal or

equitable in their nature. The exercise of such jurisdiction by the Probate Court is mandatory and not discretionary."

We are of the opinion that the Common Pleas Court never acquired jurisdiction of the subject matter of this action and for this reason the judgment is null and void.

The only remaining assignment of error relates to the court's order requiring the executor to include in a supplemental inventory a 100 piece set of dishes. It is the contention of the appellant that the exceptor failed to prove by the proper degree of proof that the decedent owned such a set of dishes at the time of her death. Since we must pass upon all errors assigned, we pass upon this assignment although the same does not become pertinent if our judgment is correct on the jurisdictional question. We have examined the entire record with reference to this allged set of dishes and are of opinion that the assignment is well taken. The dishes have never been found and we think the evidence fails to establishes that they were at any time in the possession of this appellant or that he had any knowledge that they were in possession of decedent when she died. The order requiring them to be added to the inventory is against the manifest weight of the evidence.

The judgment is ordered reversed and cause remanded.

HORNBECK and DEEDS, JJ, concur.