FINEMAN, APPELLEE, *v.* CENTRAL NATIONAL BANK OF CLEVELAND, EXR., ETC., ET., APPELLANTS.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 25119.   Decided June 29, 1961.

*Mr. Lester J. Farber* and *Mr. Ellis V. Rippner*, for appellee.
*Mr. Charles Cohen*, for appellant.

(HUNSICKER and DOYLE, JJ., of the Ninth District, and RADCLIFF, P. J., of the Fourth District, sitting by designation in the Eighth District.)

Doyle, P. J. The Central National Bank of Cleveland, executor of the estate of Saul I. Fineman, deceased, filed its notice of appeal from a judgment entered by the Probate Court of Cuyahoga County, in an action for a declaratory judgment, brought by a testamentary legatee, which sought the construction of language contained in the will of the testator, Saul I. Fineman, and a rule for the distribution of trust property mentioned in the will.

To this appeal the following motion is directed:

"Now comes Roland H. Fineman, plaintiff-appellee herein and respectfully moves the court to dismiss the appeal herein filed, for the reason that said appeal is not prosecuted by a party in interest to the litigation, and for further reasons as are set forth in the brief hereto attached and made a part hereof."

It appears that the appeal is taken by the Central National Bank, executor of the estate of Saul I. Fineman, deceased, as noted above, and is "from so much of the judgment rendered by the Probate Court of Cuyahoga County, Ohio, which orders that the principal of the estate of Saul I. Fineman vests as of the date of the death of the decedent, Saul I. Fineman, in the plaintiff, Roland H. Fineman, subject to the life interest of Lillian Fineman, and that the distribution provisions set forth in Item IV, paragraph 3, of the last will and testament of Saul I. Fineman are by the terms and provisions of said paragraph construed to be of no force and effect."

The first two items of the will gave money and personal effects to several individuals, on condition that they survive the testator, otherwise the property was directed into the residuary estate. Item III gave all of the remainder of the estate to the Central National Bank, "in trust, to be held in accordance with the provisions hereinafter set forth."

Item IV directed the disposition of the trust estate. Paragraph 1, (a) and (b), directed the trustee to pay to the testator's daughter, Lillian Fineman, the net income "so long as she shall

live," and also such amounts of the principal as the trustee "deems necessary or proper for her support, maintenance and welfare, in the manner of living to which she shall have been accustomed during my lifetime, or for any emergency which may arise, if her income hereunder and from other sources known to the trustee is insufficient in its opinion for such purposes."

Paragraph 2 of Item IV commences as follows:

"Distributions After My Daughter's Death, If She Survives Me, Or After My Death, If She Predeceases Me, and During My Son's Life."

The paragraph continues:

"After the death of my daughter, Lillian Fineman, if she survives me, or after my death, if she predeceases me, and during the life of my son, Roland H. Fineman, if he survives both my said daughter and me, distributions from the trust estate shall be made in accordance with the following provisions:

"(a) *Payments of Income.* The trustee shall pay to my son, Roland H. Fineman, from income to the extent available or from principal, if need be, the sum of Three Hundred Dollars ($300) per month, payable on the Tenth of each month, so long as he shall live and so long as he shall be married to his present wife, Ray Fineman.

"(b) *Termination.* At such time as my son, Roland H. Fineman, shall be divorced from his present wife Ray Fineman, or at such time as his present wife, Ray Fineman, shall be deceased, this trust shall terminate and the Trustee shall distribute the entire then existing trust estate, including any undistributed income, as follows: Five Thousand dollars ($5,000) thereof to my niece, Ruth Fineman, if she is then living;

"The balance thereof, or said entire existing trust estate, if said Ruth Fineman is not then living, to my said son, Roland H. Fineman."

The will continues with paragraph 3, item IV, as follows:

"* * * Upon the death of the survivor of my daughter, Lillian Fineman, my son Roland H. Fineman, and me, *if this trust has not theretofore terminated under the provisions of subparagraph* (b) *of paragraph* (2) *of this item,* this trust shall terminate and the Trustee shall distribute the entire then exist-

ing trust estate, including any undistributed income, as follows * * *." (Emphasis ours.)

The will here provides for distribution to various persons other than the members of testator's immediate family spoken of in the first part of the will.

In the judgment from which this appeal is taken, the Probate Court determined that the Central National Bank, as executor and trustee, alone, appeared in court by answer; that although all necessary parties were properly served, none have "filed an answer, demurrer or other pleading to the petition," and are therefore in default for pleading.

The judgment further states: "that the provision for termination of the trust * * * upon the divorce of the plaintiff, as set forth in Item IV (2) (b) of said will, is void as against public policy; and that the income and principal payments to be made under the terms of the said will shall be made as otherwise provided in the testamentary trust and the remainder vests as of the date of the death of decedent, Saul I. Fineman, in the plaintiff, Roland H. Fineman, subject to the life interest of Lillian Fineman, and that the trust estate shall be terminated upon the death of Lillian Fineman."

The court, in continuing its judgment, further ordered:

"* * * that, in view of the finding and order herein made that the principal of the estate vests in Roland H. Fineman, subject only to the life interest in favor of Lillian Fineman, and that the estate terminates as herein provided, the distribution provisions set forth in Item IV, paragraph 3, of said last will and testament are by the terms and provisions of said item hereby construed to be of no force and effect."

Item IV, paragraph 3, as shown above, made provision for distribution and termination of the estate, in the event that it was not terminated under the provisions of Item IV, paragraph 2, subparagraph (b), which provision, it will be remembered, the court held "void as against public policy."

The appellant, the executor bank, whose right to appeal is here challenged, assigns as error "that the principal of the estate of Saul I. Fineman does not vest as of the date of the death of the decedent, Saul I. Fineman, in the appellee-plaintiff, Roland H. Fineman, subject to the life interest of Lillian Fine-

man, and further that the distribution provisions set forth in Item IV, paragraph 3, of the last will and testament of Saul I. Fineman are not to be construed as being of no force and effect."

Does the appellant-executor alone have the right to appeal from the Probate Court's judgment, and to have reviewed the legal questions presented in the assignments of error?

By virtue of Section 2101.42, Revised Code, an appeal may be taken from a judgment of the Probate Court to the Court of Appeals "by a person against whom it is made or whom it affects."

In 2 Ohio Jurisprudence, 2d, Appellate Review, Sec. 165, at page 771, et seq., the author comments:

"Generally, to have a right of appeal a fiduciary must show that he is aggrieved in his representative capacity in that the judgment affects the estate adversely, or that he is personally affected and appeals in a personal capacity. So, if a fiduciary such as an executor or administrator, takes no appeal as an individual and therefore presumably as such is satisfied with the judgment of the lower court, if no error prejudicial to such attempted appellant in his representative capacity intervenes in the judgment of the lower court, such judgment must remain undisturbed even though the lower court was in error. In order to succeed on appeal in a representative capacity, there must affirmatively appear in the record error prejudicial to the appellant representative in his fiduciary and official capacity.

"Where a fiduciary in his representative capacity is, or may be, prejudicially affected by the judgment of the lower court, he may appeal. * * *"

In the year 1924, the author of this opinion argued the case of. *Gearhart* v. *Richardson*, 109 Ohio St., 418, before the Supreme Court of Ohio, in which we pleaded our right as trustees of a charitable trust to prosecute an appeal from a decision of the Court of Common Pleas which terminated the trust. The Supreme Court sustained our claim, with the following statement:

"We are of opinion that the trustees did have such power, and we think in the event of a decree of a court terminating a charitable trust it is not only the privilege, but under most cir-

cumstances the duty, of the trustee to protect his trust, either by appeal or error."

That case, of course, involved a charitable trust and was an appeal by a trustee.

In the year 1956, the case of *Toledo Trust Co., Trustee, v. Farmer, et al.*, 165 Ohio St., 378, was decided. It was there held:

"1. Where a trustee is a mere stakeholder, with no duty to perform other than to pay out funds to various claimants as ordered by a proper court, he has no right to appeal from such order even though he may think the court erred in making it. In such an instance he is not an aggrieved party.

"2. Where a judgment affects or threatens the existence, validity or continuance of a trust or prevents the trustee from discharging his duties thereunder, or where such judgment threatens to defeat the purpose of the trust, the trustee, although having no personal interest in the litigation, is not a disinterested party, is aggrieved by the judgment and may appeal therefrom in his fiduciary or representative capacity."

This case does not involve a charitable trust, but determines the right of a trustee to appeal.

The majority of this court, while sitting in the Seventh Appellate District, in the case of *In re Trustees under Will of Yost: Yost et al., v. Moll et al.*, 102 Ohio App., 62, held:

"1. One in a representative capacity, such as a trustee, should not appeal from an order or judgment in an action in which he, in his representative capacity, is a party, unless the order or judgment appealed from adversely affects or prejudices the estate which he is administering."

In that case, Judge Hunsicker wrote (at page 67):

"When the trustees appealed the judgment construing the will in both the *Cullen B. McCarty* and *Nancy Yost cases*, they exceeded the powers conferred on trustees by the laws of this state. They were not aggrieved parties having a right to appeal."

While the cases discussed above do not involve the rights or duties of executors, they do involve the rights and duties of another type of fiduciary, i. e., trustees, and, in this state, in the light of Section 2101.42, Revised Code, supra, they are by analogy pertinent to the questions before us in this case.

Ordinarily, when the judgment affects only the rights of beneficiaries, an executor has no right to appeal. However, in this case, the judgment is not a mere direction to carry out the provisions of a will, or a declaration of the various interests of the beneficiaries, but is a judgment which establishes a vested interest in the remainder of the estate in a designated beneficiary under a trust created in the will, which judgment terminates the trust upon the expiration of a designated life interest; all of which is in conflict with provisions of the will to terminate the trust at a different time, under different conditions, and with gifts of the remainder to other beneficiaries, if designated events occurred. In such a situation as that created by this judgment, an executor of the estate may appeal, for the reason that, if the Probate Court was wrong in its ruling, the judgment affects and prejudices the estate which he is administering.

The motion to dismiss the appeal will be overruled.

We now direct our inquiry to the single assignment of error; which assignment has heretofore been stated, but which is now repeated for emphasis:

"It is the contention of the appellant-defendant herein that the principal of the estate of Saul I. Fineman does not vest as of the date of the death of the decedent, Saul I. Fineman, in the appellee-plaintiff, Roland H. Fineman, subject to the life interest of Lillian Fineman, and further that the distribution provisions set forth in Item IV, paragraph 3, of the last will and testament of Saul I. Fineman are not to be construed as being of no force and effect."

The appellant, in argument to this court, "finds no fault with the Probate Court finding as to paragraph (2) (b) being void as against public policy," and this court is of the opinion that the public policy of this state does not countenance a bequest or devise conditioned upon the beneficiary obtaining a separation or divorce from his wife. Whether the controversial provision in the instrument before us comes within the condemned category of bequests, we will later comment upon.

From the record before us, it is obvious that Lillian Fineman survived the testator; is now alive; and enjoying the income provided her in Item IV (1) (a), and, in addition thereto, possibly the amounts provided in Item IV (1) (b).

Item IV (2) contains the challenged provision which the Probate Court held void as against public policy. However, this provision was not intended to become operative unless the son survived his sister, Lillian Fineman. As noted above, the testator specifically provided that the son should only inherit "After the death of my daughter, if she survives me (she has survived him), or after my death, if she predeceases me (she did not predecease him and continues to survive), and during the life of my son."

Under this item of the will, the estate could not be terminated under Item IV (2) (b), and the estate vest in the son, even if the controversial provision relating to divorce was held to be invalid, because of the condition precedent of the son surviving the sister—to wit, "Distributions after my daughter's death * * * and during my son's life." It seems plain that the testator intended that, if the son predeceased the sister, the trust should continue and to be terminated under the provisions of Item IV (3)—to wit, "Distribution upon the death of the survivor of my daughter, my son and me. Upon the death of the survivor of my daughter, Lillian Fineman, my son, Roland H. Fineman, and me, if this trust has not theretofore terminated under the provisions of subparagraph (b) of paragraph (2) of this item, this trust shall terminate," and a distribution of the remaining estate is then made to persons other than the testator's children or their heirs.

It may be said that many cases hold that invalid conditions precedent to bequests, especially of personal property, need not be performed, and that the donee takes free from the condition.

Likewise that, if the main purpose was to make a gift to a legatee, but incidentally to require an act contrary to public policy, such as a divorce, then the gift, in so far as the unlawful condition is concerned, is unconditional.

In construing the instrument and pronouncing its legal effect, we hold that: Upon the death of the testator, the son, Roland Fineman, did not receive a vested interest in the estate; Roland Fineman's interest was contingent upon his survival of his sister, Lillian Fineman; if Roland Fineman does survive his sister, the trust will terminate and distribution must be

made to him regardless of the language contained in Item IV (2) (a) and (b) of the remaining assets of the estate; if Roland Fineman does not survive his sister, the trust, at the time of the sister's death, will terminate, and the estate will be distributed under the provisions of Item IV (3).

The judgment of the Probate Court is reversed, in so far as it is inconsistent with this opinion; and final judgment will be entered in conformity thereto.

Reversed and final judgment.

HUNSICKER, J., and RADCLIFF, J., concur.