In re Estate of Ziechmann, Deceased; Adomaitis, Executrix, Appellant, v. Kohler, Trustee, Appellee.

(No. 52847—Decided November 9, 1987.)

*Rippner, Schwartz & Carlin* and *Linda Gebauer Mayer,* for appellant.
*Paynter & Kohler, John E. Kohler* and *Matthew Gilmartin,* for appellee.

JOHN V. CORRIGAN, J. F. Karl Ziechmann died testate on December 20, 1978. Appellant, Charlotte Adomaitis, was appointed executrix of the decedent's estate on January 19, 1979 by the Cuyahoga County Probate Court. In her capacity as fiduciary for the estate, appellant retained the services of the law firm of Rippner, Schwartz & Carlin.

In December 1982, Michael Shagrin was appointed trustee of a trust which was named as a beneficiary under decedent's will. In 1983 Shagrin resigned and appellee, John E. Kohler, was appointed trustee.

The gross value of decedent's estate was approximately $270,000. On November 15, 1982, the trial court granted appellant's first application for authority to pay attorney fees and costs out of the estate. Subsequently, additional fees were allowed to a total of $56,269.37. Three supplemental applications for attorney fees and costs were filed, respectively, on December

5, 1983, March 28, 1984 and August 19, 1986. The firm of Rippner, Schwartz & Carlin requested the sum of $13,371.38, representing the balance due for fees and costs in the first and second supplemental fee applications, and the sum of $19,646,64 for fees and $1,757.74 for costs on the third supplemental fee application. An itemized accounting of these fees and costs was submitted to the probate court.

During the administration of Ziechmann's estate, trust beneficiaries (appellees), heirs-at-law and legatees and devisees engaged in numerous adversary actions. These actions included litigation begun in 1977 (prior to testator's death), which resulted in partition of one parcel of decedent's real property and an appropriation action brought by the city of Shaker Heights which involved two parcels of decedent's real estate.

Additional actions were brought against the executrix (appellant) by the intended beneficiaries under the will. These actions included attempts to have the executrix removed and numerous complaints alleging fraud on the part of the executrix during the estate administration. The executrix prevailed in all actions brought against her in her role as fiduciary of the estate. To a great extent, the additional attorney fees sought in the supplemental requests were incurred in successfully defending the executrix in her fiduciary capacity.

On September 2, 1986, the probate court held a hearing on the supplemental applications for attorney fees. The court did not contest the validity of the accounting submitted for attorney fees, but on September 26, 1986, the court entered a judgment denying all supplemental requests for fees and costs submitted by appellant.

In its Findings of Fact and Conclusions of Law, filed by the court on December 4, 1986, the court found:

"6. To date, the firm of Rippner, Schwartz and Carlin has received approximately $56,000.00 as and for attorney fees, from an estate whose assets approximate $270,000.00, or a percentage figure of 20%, plus an additional $3,106.75 from the partition action proceeds.

"* * *

"10. Counsel for applicant, Executrix, expended in excess of 1,000 hours over a period of 7½ years on this estate and related matters.

"11. The litigation, while not complex, was marred by rancor and acrimony and applicant [Executrix] repeatedly was the undeserving object ot (sic) courtroom obloquy.

"12. The proceedings were frequently characterized by unusual occurrences, such as the filing of remotely related law suits in other courts, affidavits of prejudice and bias, and the cancellation of one lawyer's license to practice law because of an unrelated matter.

"13. If the supplemental applications for authority to pay attorney fees were to be granted, the total sum paid in attorney fees would be approximately $90,000.00, or 33% of the gross estate.

"14. The court finds the requests for both fees and costs to be unreasonable."

The appellant filed a timely notice of appeal from the probate court's judgment on October 24, 1986.

The appellant brings four assignments of error:

"1. The trial court erred in denying appellant's applications for authority to pay attorney fees and costs advanced because the trial court based its decision upon a ratio of both approved and requested fees to the inventory value of the estate.

"2. The trial court erred in denying that portion of appellant's applications for authority to pay attorney fees and costs advanced arising from the *suc*

*cessful* defense of six separate actions initiated by beneficiaries of this estate challenging the appellant's faithful administration of the estate.

"3. The trial court erred in denying that portion of appellant's application for authority to pay attorney fees and costs advanced filed on December 5, 1983, devoted to the appropriation action, since the appellant was required by order of the lower court to participate in said proceeding.

"4. The trial court erred in denying that portion of appellant's applications seeking reimbursement for costs advanced by appellant's counsel in administering the estate and successfully defending appellant in multiple actions challenging her faithful administration of this estate."

These assignments of error are well-taken.

The allocation of payments for attorney fees on behalf of a fiduciary charged with the administration of an estate is within the discretion of the court. See R.C. 2113.36; Local Rule 25 of the Court of Common Pleas of Cuyahoga County, Probate Division. R.C. 2113.36 provides:

"When an attorney has been employed in the administration of the estate, reasonable attorney fees paid by the executor or administrator shall be allowed as a part of the expenses of administration. *The court* may at any time during administration fix the amount of such fees and, *on application of the executor or administrator or the attorney, shall fix the amount thereof.*" (Emphasis added.)

The Cuyahoga County Probate Court has explained:

"Sec. 2113.36 R.C. contemplates further allowance to the executor or administrator for * * * 'actual and necessary expenses including *reasonable* attorney fees where an attorney has been employed * * *.' To the Court is confided the duty to 'fix the amount

of such fees' and this upon 'the application of the executor or attorney.'" (Emphasis added.) *In re Haggerty* (P.C. 1955), 70 Ohio Law Abs. 463, 466, 128 N.E. 2d 681, 683.

Local Rule 25, *supra,* at the time relevant herein, provided:

"A. Counsel fees allowed as part of the expense for administering a decedent's estate shall be based upon the *actual services performed by the attorney and the reasonable value of the services.*" (Emphasis added.) Local Rule 25(B) further directed that attorneys submit an itemized accounting of fees and costs to the probate court and referred to D.R. 2-106 of the Code of Professional Responsibility as instructive on the issue of attorney fees.

DR 2-106(B) provides as follows:

"A fee is clearly excessive when, after a review of the facts, a lawyer of ordinary prudence would be left with a definite and firm conviction that the fee is in excess of a reasonable fee. Factors to be considered as guides in determining the reasonableness of a fee include the following:

"(1) *The time and labor required,* the novelty of the questions involved, and the skill requisite to perform the legal service properly.

"(2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.

"(3) *The fee customarily charged in the locality for similar legal services.*

"(4) *The amount involved* and *the results obtained.*

"(5) The time limitations imposed by the client or by the circumstances.

"(6) *The nature and length of the professional relationship with the client.*

"(7) *The experience, reputation, and ability of the lawyer or lawyers performing the services.*

"(8) Whether the fee is fixed or contingent." (Emphasis added.)

On the issue of appellate review of attorney fees fixed by a probate court, the Franklin County Court of Appeals has determined:

"Section 2113.36, Revised Code places exclusive original jurisdiction to determine reasonable attorney fees in the Probate Court. Appeal can be only on questions of law, and, on appeal, the only questions before the appellate court are *whether the judgment awarding fees is against the manifest weight of the evidence or contrary to law. * * *"* (Emphasis added.) *In re Estate of Love* (1965), 1 Ohio App. 2d 571, 30 O.O. 2d 595, 206 N.E. 2d 39, paragraph three of syllabus, affirming *In re Estate of Murnan* (1949), 151 Ohio St. 529, 39 O.O. 333, 87 N.E. 2d 84, paragraph two of syllabus; see, also, *Ollick* v. *Rice* (1984), 16 Ohio App. 3d 448, 16 OBR 529, 476 N.E. 2d 108.

The Ohio Supreme Court has concluded that "an appellate court should not substitute its judgment for that of the trial court when there exists * * * competent and credible evidence supporting the findings of fact and conclusions of law rendered by the trial judge." *Seasons Coal Co.* v. *Cleveland* (1984), 10 Ohio St. 3d 77, 80, 10 OBR 408, 411, 461 N.E. 2d 1273, 1276.

In the instant case, we do not find that the trial court's Findings of Fact and Conclusions of Law are corroborated by the competent and credible evidence submitted by appellant regarding attorney fees and costs. See *id.* Essentially, the appellant's assignments of error challenge the trial court's decision to summarily dismiss all supplemental requests for attorney fees and costs without giving consideration to the reasonableness of the fees as itemized.

In view of the aforementioned precedent, we look to appellant's first assignment of error. Appellant questions the propriety of the court's denial of the supplemental applications for attorney fees based upon the ratio of the fees to the inventory value of the estate.

The trial court found that it was unreasonable to allow attorney fees which, if granted, would consume thirty-three percent of an estate. In its Conclusions of Law, the court stated:

"2. Reasonable attorney fees must be based upon the actual services performed by the attorneys and upon the reasonable value of those services as determined from the evidence which must substantiate the award of fees as being reasonable. *In re Estate of Verbeck* (1962), 173 Ohio St. 557.

"3. Fees which are reasonable must be reasonable both from the standpoint of the attorney rendering the services and from the standpoint of the estate out of which payment is being made. *The ultimate determination of reasonableness must take into consideration all the factors relating to reasonableness of the fees in the particular case. In re Estate of Love* (1965), 1 Ohio App. 2d 571." (Emphasis added.)

Citing *In re Hickok's Estate* (1953), 159 Ohio St. 282, 50 O.O. 290, 111 N.E. 2d 925, the appellant argues that the court erred in fixing the reasonable value for appellant's attorney fees at the amount approved and paid on the appellant's first application, notwithstanding properly documented supplemental requests. This point is well-taken. However, in rendering our decision in the instant case, we urge consideration of this court's statement regarding the awarding of attorney fees in the domestic relations case of *Swanson* v. *Swanson* (1976), 48 Ohio App. 2d 85, 2 O.O. 3d 65, 355 N.E. 2d 894:

"We think that in divorce cases, as in *probate* cases, '[t]o employ the timeclock method alone as the test for legal services * * * would certainly be

218

improper and result in completely inadequate fees in large estates and disproportionately high fees in modest ones.' * * * [Citation omitted.]" (Emphasis added.) *Id.* at 92, 2 O.O. 3d at 69, 355 N.E. 2d at 899.

In the context of the instant case, we rephrase the court's dictum in *Swanson:* "Indeed, it is recognized that * * * [probate] cases tend to consume a considerable amount of time and that *counsel must generally realize that he cannot always expect full compensation for the time so consumed.* * * * [Citation omitted.]" (Emphasis added.) *Id.* Mindful of this premise, we now restate from this court's holding in *Swanson:* "In determining an award of attorney fees * * *, the time and labor of the attorney for the prevailing party is *only one of the many factors to be given consideration.* * * *" (Emphasis added.) *Swanson, supra,* paragraph three of the syllabus.

In the instant case, we do not find error because the probate court, pursuant to its discretionary authority, fixed the maximum amount permissible for attorney fees at approximately $56,000; nor do we find that the court erred in considering as a factor the ratio of attorney fees to the size of the estate's inventory. Rather, we find that the trial court erred in refusing to ascertain and *factor* into its final determination on attorney fees the reasonable value of actual services performed. See *In re Estate of Verbeck* (1962), 173 Ohio St. 557, 20 O.O. 2d 163, 184 N.E. 2d 384; Local Rule 25, *supra.*

The second, third and fourth assignments of error all raise issues that go to other considerations to be factored into a determination of the reasonableness of attorney fees in this case. In its Findings of Fact, *supra,* the trial court acknowledged that the years of litigation involving this estate were "marred by rancor and acrimony" and that the "applicant [executrix] repeatedly was the *undeserving* object of courtroom obloquy." (Emphasis added.) The trial court has further acknowledged the secondary litigation brought on by intended beneficiaries that threatens to consume this estate. Consequently, among the considerations to be factored into a determination of the reasonableness of all attorney fees in this case, including those submitted on the supplemental applications, are: the adjudged faithfulness of the executrix in carrying out her fiduciary duties to the estate; the *successful* defense of the actions of the executrix in her fiduciary capacity in the face of years of litigation; and the mandatory nature of the estate's participation in the litigation involving the partition action and the appropriation action brought by the city of Shaker Heights.

Accordingly, the probate court's denial of the appellant's supplemental requests for attorney fees is reversed and remanded for further consideration in view of this court's opinion.

*Judgment reversed
and cause remanded.*

PRYATEL, P.J., and ANN MCMANAMON, J., concur.