## In re ESTATE OF WIREBAUGH.

[Cite as *In re Estate of Wirebaugh* (1992), 84 Ohio App.3d 1.]

Court of Appeals of Ohio,
Wood County.

No. 92–WD004.

Decided Nov. 20, 1992.

*George Reiser,* for appellant and cross-appellee.

*Daniel Myers, H. Frank McDaniel* and *Kathryn Woodward,* for appellees and cross-appellant.

*Per Curiam.*

This case is before the court on appeal from a judgment of the Wood County Court of Common Pleas, Probate Division. Appellant and cross-appellee, Louis E. Wirebaugh, the executor of the estate of Walter R. Wirebaugh, appeals the

trial court's award of attorney fees to appellee, B. Laurene Lea, and appellee and cross-appellant, Helen L. Ziegler.

Louis Wirebaugh, Lea and Ziegler are the children of Walter R. Wirebaugh and beneficiaries under the latter's last will and testament. Lea and Ziegler filed exceptions to the inventory of the estate of Walter R. Wirebaugh and alleged that Louis Wirebaugh, who was appointed the executor of that estate, had converted funds held in joint and survivorship accounts with his father. Those exceptions were found well taken by the trial court and Louis Wirebaugh was ordered to repay approximately $62,000 to his father's estate. He appealed that judgment to this court; Lea and Ziegler cross-appealed. We affirmed the trial court's judgment in all respects but two. We concluded that funds in a checking account released to Louis Wirebaugh after his father's death were the property of the estate. We further determined that the estate was entitled to prejudgment interest on all converted funds. *In re Estate of Wirebaugh* (Aug. 9, 1991), Wood App. No. WD–90–18, unreported, 1991 WL 154060. On remand, an additional $13,140.10 and prejudgment interest on all converted monies was awarded to Walter R. Wirebaugh's estate. Lea and Ziegler then applied for and were awarded attorney fees, to be paid from the estate of Walter R. Wirebaugh, incurred in the prosecution of their claim in the probate court and on appeal. The pertinent part of the notice of appeal from that judgment filed by Louis Wirebaugh reads, "notice is hereby given that the estate of Walter R. Wirebaugh through its duly appointed executor, Louis E. Wirebaugh, appeals * * *." All of Louis Wirebaugh's assignments of error are directed at the excessiveness of the award of attorney fees.

For the following reasons, we dismiss the appeal of Louis E. Wirebaugh, executor of the estate of Walter R. Wirebaugh.

It is generally recognized that, in order to establish his right to an appeal on an order of the probate court, a fiduciary, such as an executor, must demonstrate that he is aggrieved by the judgment in his fiduciary capacity or that he is personally affected and appeals in his individual capacity. *Fineman v. Cent. Natl. Bank of Cleveland* (App.1961), 87 Ohio Law Abs. 236, 241, 18 O.O.2d 33, 35–36, 175 N.E.2d 837, 839–840; *Skelly v. Graybill* (1959), 109 Ohio App. 277, 283–286, 11 O.O.2d 42, 46–48, 165 N.E.2d 218, 222–225; *Doty v. Peters* (1958), 106 Ohio App. 435, 439, 7 O.O.2d 181, 183, 155 N.E.2d 239, 243; *In re Estate of Hoffman* (1941), 68 Ohio App. 47, 37 N.E.2d 646; *First Natl. Bank of Cincinnati v. Rawson* (1936), 54 Ohio App. 285, 8 O.O. 13, 7 N.E.2d 6. Ordinarily, an executor is not an aggrieved party in a proceeding which affects only the rights of the beneficiaries. *Fineman, supra; In re Estate of Byerly* (App.1956), 74 Ohio Law Abs. 586, 587, 141 N.E.2d 771, 771–772. In such a proceeding, the executor/beneficiary must appeal in his individual capacity or he is presumed to

**4**

be satisfied with the judgment of the lower court. *Fineman, supra; Rawson, supra.* Indeed, where the executor does not represent all of the beneficiaries and/or those beneficiaries appear to resist the executor's contentions that the estate has been prejudiced by a probate court's order, courts have determined that the executor cannot appeal that order. *Cent. Bank Co. v. McCarthy* (1943), 73 Ohio App. 431, 433, 29 O.O. 123, 124–125, 57 N.E.2d 126, 127. *In re Estate of Hoffman, supra.* Finally, at least one appellate court has specifically held that an executor has no right to appeal from a probate court's award of attorney fees on the ground that the amount of attorney fees awarded is excessive. *In re Estate of Verbeck* (1961), 114 Ohio App. 155, 18 O.O.2d 465, 180 N.E.2d 615, reversed on other grounds (1962), 173 Ohio St. 557, 20 O.O.2d 163, 184 N.E.2d 384.

In this case, the award of attorney fees affected only the beneficiaries of the estate. Louis Wirebaugh's appeal is taken in his fiduciary capacity only. His assertions on appeal are directed solely at the excessiveness of the award of attorney fees and its effect on the distributive shares of Louis Wirebaugh, B. Laurene Lea, and Helen L. Ziegler. Although Ziegler cross-appeals and argues that, in her instance, the award of attorney fees is inadequate, both Ziegler and Lea resist the executor's attempt to appeal the excessiveness of the award. Accordingly, we hold that Louis Wirebaugh, in his capacity as the executor of the estate of Walter R. Wirebaugh, is not aggrieved by the lower court's judgment and, therefore, has no right to appeal the question of whether the amount of attorney fees awarded is excessive. The executor's appeal is, hereby, ordered dismissed at his costs.

On cross-appeal, Ziegler sets forth the following assignment of error:

"The Wood County Probate Court erred and failed to render judgment in favor of Appellee/Cross–Appellant Helen L. Ziegler in the amount of $39,558.90 for attorney fees and costs of $2,522.24 for litigating Exceptions to the Inventory of Louis E. Wirebaugh, Executor of the Estate of Walter R. Wirebaugh, and defending his appeal ($4,281.14 more than the Judgment Entry and Memorandum Decision 12/20/91)."[1]

Apparently, Ziegler asserts that the trial court was bound to award attorney fees in the amount documented by her attorneys.

The determination of the allocation of the payment of attorney fees is a matter within the discretion of the probate court. *In re Keller* (1989), 65 Ohio App.3d 650, 655, 584 N.E.2d 1312, 1316. See, also, *In re Estate of Ziechmann*

---

1. The probate court ordered that $37,800 in attorney fees be paid to Ziegler's legal counsel from the estate. The remainder of the attorney fees are to be charged to Ziegler.

(1987), 41 Ohio App.3d 214, 216, 535 N.E.2d 374, 376. We will not reverse the probate court's finding of an appropriate fee absent an abuse of that discretion. *In re Guardianship of Patrick* (1991), 66 Ohio App.3d 415, 416, 584 N.E.2d 86, 87. An abuse of discretion connotes more than an error of law or judgment; it requires that we find the lower court's attitude in reaching its judgment was unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 482, 450 N.E.2d 1140, 1141–1142.

In determining the reasonableness of the attorney fees charged, the probate court is not restricted to a minimum or maximum figure. *In re Guardianship of Rider* (1990), 68 Ohio App.3d 709, 712, 589 N.E.2d 465, 466–467. Rather, it is guided by the factors set forth in DR 2–106(B).[2] *Id.; Keller, supra,* 65 Ohio App.3d at 660, 584 N.E.2d at 1319. The "time and labor" expended by the attorney on a particular case is but *one* of these many factors used in determining the reasonableness of his or her fee. *In re Estate of Ziechmann, supra,* 41 Ohio App.3d at 217–218, 535 N.E.2d at 377–379. In this case, the probate court expressly stated that it considered "time expended" as well as the other "variables" set forth in DR 2–106(B). Our review of the record reveals nothing which would suggest that the court abused its discretion in determining the appropriate award of attorney fees. Accordingly, Ziegler's sole assignment of error is found not well taken.

On consideration whereof, this court finds that substantial justice was done the parties complaining, and the judgment of the Wood County Court of Common Pleas, Probate Division, is affirmed. Costs of the cross-appeal are assessed to Helen L. Ziegler.

*Judgment affirmed.*

GLASSER, P.J., ABOOD and MELVIN L. RESNICK, JJ., concur.

---

2. DR 2–106(B) provides:

"* * * Factors to be considered as guides in determining the reasonableness of a fee include the following:

"(1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly.

"(2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.

"(3) The fee customarily charged in the locality for similar legal services.

"(4) The amount involved and the results obtained.

"(5) The time limitations imposed by the client or by the circumstances.

"(6) The nature and length of the professional relationship with the client.

"(7) The experience, reputation, and ability of the lawyer or lawyers performing the services.

"(8) Whether the fee is fixed or contingent."