ACCELERATED DOCKET JOURNAL ENTRY AND OPINION
Appellant Kathleen Hlavin, next friend of Megan Hlavin, a contingent beneficiary of two trusts created by John P. Thompson, challenges the order of the probate court which approved the payment of attorney fees to the law firm of Kohrman, Jackson 
Krantz primarily from one of the trusts. Hlavin complains that the trial court failed to allocate the payment of fees from the trusts in proportion to the services rendered to each trust. She further complains that the attorney fee payment improperly depleted the assets of one of the trusts and unfairly benefitted Kenneth Thompson, a creditor of the remaining trust. For the reasons set forth below, we affirm.
On December 29, 1987, John P. Thompson created a trust for the benefit of his son Kenneth Thompson during Kenneth's lifetime ("Trust 1"). Kristi Thompson, Kenneth's daughter, is the beneficiary of the remainder of the trust. John P. Thompson's daughter, Kathleen Hlavin, is a contingent beneficiary as is Megan Hlavin. This document authorizes the trustee to compromise and adjust claims against the trust "upon such terms a it considers best for the trust."
On September 10, 1992, John P. Thompson created a second trust for the benefit of Kenneth ("Trust 2"). Kristi Thompson is also a remainderman pursuant to this document and the descendants of Kathleen Hlavin are contingent beneficiaries. This document also permits the trustee to "compromise and adjust claims against the trust upon such terms as it considers best for the trust."
It is undisputed that both trusts held stock in Thogus Products Co., ("Thogus") a plastic injection molding company formed by John P. Thompson.
Kenneth worked at Thogus for a number of years and following his departure, Kenneth sued Thogus in his individual capacity and also in his capacity as a beneficiary of both trusts. The jury returned a verdict in favor of Kenneth which this court reversed upon appeal. See Thompson v. Thogus Products Co. (June 18, 1998), Cuyahoga App. No. 72840, unreported. Thereafter, on February 26, 1999, Kenneth Frankel, the Trustee of both trusts, entered into a stock purchase and settlement agreement with Kathleen Hlavin and Helen Thompson. Pursuant to the terms of this agreement, all of the shares of Thogus stock held by Trust 1 were sold for $132,414 and all of the shares of Thogus stock held by Trust 2 were sold for $301,586. As additional consideration, Helen Thompson forgave a promissory note signed by Kenneth and Kenneth agreed to dismiss five separate lawsuits which he had filed against Thogus and others.
With funds in both trusts following the stock purchases, the Trustee filed a motion on November 1, 1999, to distribute the funds and terminate the trusts. The Trustee asked the court for permission to pay an attorney fee bill in the amount of $150,000 to Kohrman, Jackson Krantz primarily from the funds of Trust 1 and to use the funds of Trust 2 only after Trust 1 was depleted. It is undisputed that Kenneth Thompson is a creditor of Trust 2 and that the Trustee sought to repay him with the funds remaining in Trust 2.
Megan Hlavin filed objections and asserted that the Trustee was effectively depleting Trust 1, and should be required to identify the fees incurred in connection with each individual trust. She further complained that this payment structure improperly favored Kenneth Thompson and was devised to ensure that he is repaid $334,866.64 which Trust 2 owes to him. The trial court determined that Hlavin's objections were not well-taken. The court found the proposed distribution equitable, practical, and in the best interest of the beneficiary. Hlavin now appeals and assigns two errors for our review.
Hlavin's assignments of error are interrelated and state:
 THE APPROVED DISTRIBUTION OF THE TRUST'S ASSETS AND THE TERMINATION OF TRUST 1 PERMIT THE TRUSTEE TO ACT IN VIOLATION OF THE SETTLER'S INTENT AND CONTRARY TO THE TERM OF THE TRUST AGREEMENT.
 THE PROBATE COURT'S ORDER ALLOWING THE TRUSTEE TO PAY TRUST 2'S ATTORNEY FEES OUT OF TRUST 1'S ASSETS IMPERMISSIBLY FAVORS KENNETH THOMPSON OVER ALL THE OTHER BENEFICIARIES OF TRUST 1.
Within these assignments of error, Hlavin asserts that the trial court erred in permitting the Kohrman, Jackson Krantz fee to be paid primarily by Trust 1 funds, and by Trust 2 funds only after Trust 1 was depleted. Hlavin maintains that this method of payment is contrary to the best interests of the trust, and was impermissibly engineered to favor the interests of Kenneth Thompson to whom Trust 2 owes $344,866.64.
The Trustee asserts that these claims are not reviewable since a transcript or other record has not been provided. Because no evidentiary hearing was held and this matter proceeded upon the written motion and objections, the Trustee's assertion cannot be maintained. The Trustee further maintains that even if the probate court had ordered the legal fee to be paid equally from both trusts, the contingent beneficiaries, such as appellant, would not receive any distribution. According to the Trustee, if the Kohrman, Jackson Krantz fee is reallocated equally between the two trusts, Trust 1 is then subject to termination pursuant to R.C.2109.62 in light of the small remaining balance and lack or economic feasibility for continuing it. Following such termination, the contingent beneficiaries (appellant) would receive nothing. The Trustee additionally notes that because Trust 2 must repay a promissory note to Kenneth Thompson, there are no funds remaining in Trust 2 for distribution to the contingent beneficiaries.
When interpreting the provisions of a trust, a court is required to effectuate the intent of the settler when legally possible. Domo v. McCarthy (1993), 66 Ohio St.3d 312, paragraph one of the syllabus; Ohio Citizens Bank v. Mills (1989), 45 Ohio St.3d 153,155. Where the settler's intent can be determined, such intent controls the interpretation of the trust provisions. Central Trust Co. v. Bovey (1971), 25 Ohio St.2d 187, 190.
Where the services of an attorney have been employed by a trustee in the course of administering a trust estate, an allowance of reasonable attorney fees as part of the costs and expenses of administration is a matter within the sound discretion of the probate court; absent an abuse of that discretion, a reviewing court will not interfere with the probate court's decision. In re Estate of Wirebaugh (1992), 84 Ohio App.3d 1, 4; In re Estate of Ziechmann (1989), 63 Ohio App.3d 717, 719; R.C. 2113.36; 91 Ohio Jurisprudence 3d, Trusts, Section 517-520. To abuse its discretion, a court must have acted unreasonably, arbitrarily, or unconscionably. In re Estate of Wirebaugh, supra.
The general equitable rule, however, is that the services must be beneficial to the estate. In re Keller (1989), 65 Ohio App.3d 650,656-657.
In this instance, it is clear that the order of the trial court which permits the bulk of the attorney fees to be paid from Trust 1 is not beneficial to Trust 1. Nonetheless, we are unable to conclude that the trial court abused its discretion. A fifty-fifty apportionment of the fees would clearly leave Trust 1 subject to termination pursuant to R.C. 2109.62, which would result in a distribution to Kenneth Thompson and no distribution to the contingent beneficiaries including appellant. Further, Kenneth Thompson's interest as a creditor of Trust 2 is superior to the interest of the contingent beneficiaries. The trial court's approval of the fee plan payment advanced by the Trustee therefore is neither unreasonable, arbitrary, or unconscionable.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Probate Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ______________________________ ANN DYKE, ADMINISTRATIVE JUDGE
SPELLACY, J., AND BLACKMON, J., CONCUR.