THE CENTRAL TRUST CO., TRUSTEE, *v.* BOVEY ET AL., APPELLEES; LAKE, APPELLANT.

188

(No. 69-765—Decided March 3, 1971.)

189

*Messrs. Paxton & Seasongood,* for The Central Trust Company.

*Mr. Carl L. Meier,* for minor defendant-appellees.

*Messrs. Frost & Jacobs, Mr. Phillip G. Barnett, Mr. John A. Lloyd, Jr.,* and *Mr. John A. West,* for appellant.

CORRIGAN, J. The point of decision in this appeal rests upon the interpretation of the language of the 1930 trust instrument providing that at the death of each daughter a one-fourth portion of the corpus was to be paid to the "child or children * * * surviving the daughter then dying."

Appellant contends that, in the absence of an intent to the contrary, a settlor must be presumed to have intended to include an adopted child within a class gift to the "child or children" of the life beneficiary of the trust.

R. C. 3107.13, effective August 28, 1951 (124 Ohio Laws 178, 193), provides, in part:

"* * * For all purposes under the laws of this state, including without limitation all laws and wills governing inheritance of and succession to real or personal property * * * a legally adopted child shall have the same status and rights, and shall bear the same legal relationship to the adopting parents as if born to them in lawful wedlock and not born to the natural parents * * *."

Appellant contends further that Ohio case law is not in accord with the spirit or letter of R. C. 3107.13, particularly this court's holding in *Albright* v. *Albright* (1927), 116 Ohio St. 668, wherein it was stated, at page 679:

"There is a presumption that words used in a will are used in their primary and ordinary sense. It is generally held that when a testator uses the word 'child' he means a natural child, unless the context clearly shows that he means to use the term in a sense including adopted as well as natural children. This is particularly the fact when the

testator speaks, not of his own children, but of the children of other persons. * * *''

Appellant states that this ''stranger to the adoption'' rule has been considered by this court only once since *Albright* and that was in *Third National Bank & Trust Co.* v. *Davidson* (1952), 157 Ohio St. 355. Paragraphs three and four of the syllabus in that latter case read:

''3. Where a testator bequeathed property to 'each of my then living grandchildren, whether born prior or subsequent to my decease,' there is a presumption, in the absence of any language in the will to the contrary, that the testator intended only the blood children of his children to partake of his bounty.

''4. Although it is presumed that every testator knew the adoption statutes of the state as they were at the time of making his will, and, where pertinent, the provisions of such statutes must be taken into consideration in the interpretation of the will, where the testator himself was a stranger to any adoption proceedings and made direct provision for relatives so that they take under his will neither from nor through any adopting parents, all the provisions of the will must be considered in interpreting it and not simply the provisions of the adoption statutes.''

Let us make our position in this appeal clear. This is not a suit to interpret R. C. 3107.13, the adoption statute in effect in 1966 when the life tenant died. This court will certainly meet that need in a proper case. Rather, the question here is concerned with the intention of the settlor at the time of the creation of the trust. It is that intention and the law then existing, which governs the terms of the trust.

Although the appellant urges that the settlor of a trust is presumed to have intended to include all children of the life beneficiary, whether natural born or adopted, within a class gift to the ''child or children surviving'' the life beneficiary in the absence of clear manifestation of contrary intention, we observe that we are interpreting today a trust drawn in 1930, which was necessarily drafted

in the light of the then existing law. "Child" and "issue" had definite meanings in 1930, and prior thereto. In 1930, "child," or "issue" or "children" included only blood relatives.

In 3 Restatement of Property, Section 287, it is concluded that:

"(1) When a limitation is in favor of the 'children' of a designated person, all persons adopted by the designated person are excluded from the possible takers thereunder except when a contrary intent of the conveyor is found from additional language or circumstances.

"(2) The following are the most frequently encountered factors tending to establish the existence of the 'contrary intent of the conveyor' referred to in subsection (1):

"(a) the conveyor is also the designated person;

"(b) the conveyor at the time of the execution of the instrument knows of the adoption."

This same rule applies when the term "issue" or "lawful issue" is employed.

Under the facts in this case we must adhere to the "stranger to the adoption" doctrine. The document under scrutiny speaks as of the year 1930, and R. C. 3107.13, as in effect since 1951, certainly does not confer authority on this court to conclude that the trust we have before us is presumed to include this adopted child.

For the reasons set out the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., SCHNEIDER, HERBERT, DUNCAN, STERN and LEACH, JJ., concur.