**FIFTH THIRD BANK, Trustee**

v.

**HARRIS et al.** ▮

▮ 2003-Ohio-7361.]

Probate Court of Hamilton County, Ohio.

No. 2002003629.

Decided June 24, 2003.

James Chalfie, for spouse and children.

Christine Buttress, for adult adoptees.

Douglas Hart, for trustee.

Colleen Laux, guardian ad litem for unborn heirs.

JAMES C. CISSELL, Judge.

{¶ 1} This matter came on to be heard on April 28, 2003, on the complaint of Fifth Third Bank, as trustee of the Laura S. Lawwill Irrevocable Living Trust, for instructions and declaratory relief regarding the interpretation of the living trust agreement. Present were counsel for the trustee; counsel for Lisa Roland (surviving spouse of Richard Lawwill) and Ashley and Richard Lawwill Jr. (children of Richard Lawwill Sr.); counsel for JoAnne and William Harris (adult adoptees of Benjamin Lawwill); and counsel for the unborn heirs of the beneficiaries of the trust agreement. The trustee has asked this court for instructions as

to whether the Harrises, as adult adoptees, are legally entitled to share in the trust estate as children of Benjamin Lawwill. The trustee also has asked for instructions as to the legal effect of the power of appointment contained in the trust, which was exercised by Richard Lawwill in his last will and testament in favor of his wife.

{¶ 2} Laura S. Lawwill executed her living trust agreement on November 16, 1956. She died in 1984. She was survived by her son, Benjamin Lawwill, who is still living. Benjamin Lawwill is the natural father of Richard Lawwill Sr. (d.o.b. 8/17/61), who died after reaching 21 years of age on June 2, 2002. Richard Lawwill Sr. was survived by his wife, Lisa Paul Roland, and two children, Richard Lawwill Jr. and Ashley Lawwill, who are both now adults.

{¶ 3} The relationship between Benjamin Lawwill and his son was strained. Richard Lawwill Sr. was eventually to receive the entire trust estate because he was Benjamin's only child. The court finds that Benjamin devised a method to dilute the share of the trust estate his son Richard would receive by adopting the Harrises.

{¶ 4} On May 6, 2002, Benjamin Lawwill adopted two adults. They are JoAnne Harris, then age 32 (d.o.b. 9/25/70), and William Harris, then age 54 (d.o.b. 3/25/48), in the state of Texas. The Harrises are husband and wife. Benjamin Lawwill met William Harris in 1975 and JoAnne Harris in approximately 1997, when she married William Harris. Neither adoptee was a minor child at the time of the adoption, nor were they minors when they met Benjamin Lawwill. Neither is mentally retarded or permanently disabled.

{¶ 5} The trust agreement states at Item First:

"The Trustee shall hold and invest the assets of the trust for the following purposes:

"1. To pay to, or expend for the benefit of, the child or children of Benjamin Lawwill, the son of trustor, so much net income or of the principal as in the judgment and discretion of the Trustee may be required for the maintenance, support, education and comfort of any such child.

"2. Upon the youngest child of Benjamin Lawwill then surviving reaching the age of twenty-one years, the Trustee shall distribute the assets then remaining in its hands to the then surviving issue of Benjamin Lawwill, per stirpes.

"3. In case of the death of any child of Benjamin Lawwill prior to distribution of the trust, the Trustee shall hold or distribute the share which he would have received as distribution to such of his surviving spouse or issue as he may by his Last Will and Testament have appointed in accordance with the terms of such appointment. * * *"

{¶ 6} The trust agreement further provides at Item Seventh, Paragraph 1:

"The term 'issue' or 'lineal descendant' as used herein shall include adopted children and their issue."

{¶ 7} In 1980, the Trustee brought an earlier declaratory judgment action in the Court of Common Pleas, General Division of Hamilton County, Ohio, for instructions as to when the class of beneficiaries of the trust closed. That action was titled *Fifth Third Bank vs. Richard Lawwill,* bearing case number A8009327. In that case, the court held that the class of children of Benjamin Lawwill must remain open until his death. (See entry dated June 9, 1981—copy attached to Complaint at Exhibit B.)

### 1. The Harrises' Claims

{¶ 8} The fundamental duty of this court is to ascertain the intent of a testator in making a will, including any testamentary trust provision contained therein, and to give effect to those intentions wherever legally feasible. *Tootle v. Tootle* (1986), 22 Ohio St.3d 244, 247, 22 OBR 420, 490 N.E.2d 878. This same duty applies with equal force to inter vivos trusts. *Ohio Citizens Bank v. Mills* (1989), 45 Ohio St.3d 153, 155, 543 N.E.2d 1206. The express language used in the instrument generally indicates the maker's intent. *Casey v. Gallagher* (1967), 11 Ohio St.2d 42, 46, 40 O.O.2d 55, 227 N.E.2d 801. The words used in the instrument are presumed to be used in their ordinary sense. *Albright v. Albright* (1927), 116 Ohio St. 668, 157 N.E. 760.

{¶ 9} In the trust instrument at issue herein, the grantor provided for distribution of income and principal to the "child or children of Benjamin Lawwill," her son. Clearly, Richard Lawwill, as a naturally born child of Benjamin Lawwill, is an intended beneficiary of the trust, and he did indeed receive income and principal payments from the trust until his death in 2002.

{¶ 10} However, there is no express language in the trust agreement indicating whether the grantor intended that persons who were adopted as adults would be included in the distribution of trust assets to the class of "children" of Benjamin Lawwill. Item First, Paragraphs 1, 2, and 3 of the trust agreement all refer to distribution being made to the "child" or "children" of Benjamin Lawwill under various circumstances. Item Seventh, Paragraph A sets forth a definition section, which states that the terms "issue" and "lineal descendent" include "adopted children." Nowhere in the trust agreement does the grantor address the issue of whether adults who are adopted by Benjamin Lawwill should be included in the class of "children of Benjamin Lawwill" who are the beneficiaries of the trust.

{¶ 11} Where the express language does not reveal the grantor's intent, the court must ascertain that intent through the use of various presumptions,

rules of construction, and a review of applicable statutes and case law. Specifically, when construing an inter vivos trust, a court should determine the intent of the grantor in light of the law existing at the time of the creation of the trust, since "an inter vivos trust speaks from the date of its creation—not the date upon which the assets are to be distributed." See *Mills*, supra, 45 Ohio St.3d at 156, 543 N.E.2d 1206; *First Natl. Bank v. Tenney* (1956), 165 Ohio St. 513, 60 O.O. 481, 138 N.E.2d 15, paragraph one of the syllabus. This presumption is different from that used in interpreting wills and testamentary trusts. In those cases, the testator is presumed to know that future statutory changes could affect the distribution called for in the will and presumably could change the testamentary provisions to reflect the testator's response to statutory changes. *Solomon v. Cent. Trust Co. of Northeastern Ohio, N.A.* (1992), 63 Ohio St.3d 35, 584 N.E.2d 1185, paragraph one of the syllabus.

{¶ 12} The court must presume that the grantor was acquainted with the relevant then-existing statutes, their judicial interpretation, and the effect they may have had upon the distribution of her trust estate. *Mills*, supra, 45 Ohio St.3d at 156, 543 N.E.2d 1206; *Cent. Trust Co. v. Bovey* (1971), 25 Ohio St.2d 187, 190, 54 O.O.2d 297, 267 N.E.2d 427. This presumption is of particular importance in this case because the trust at issue is an irrevocable trust and the grantor had no right to amend its terms after it was created.

{¶ 13} Applying the above to the facts of the current case, it is clear that the grantor had no intent to permit adults who were adopted by Benjamin Lawwill to partake in the distribution of her trust estate. The applicable statute governing adoptions in effect when the trust was signed on November 16, 1956, was G.C. 8004–13 (124 Ohio Laws 178, 193) effective August 28, 1951. That statute did not permit adults to be adopted in Ohio. It was not until 1976 that the Ohio legislature adopted R.C. 3107.02 (effective January 1, 1977), which permitted certain adults to be adopted in instances where the adult was totally and permanently disabled, mentally retarded, or where the adult had established a child-foster caregiver or child-stepparent relationship as a minor.[1]

{¶ 14} Additionally, the definitional section of the adoption statutes in effect in 1956 contain the following:

"(A) 'Child' means any person under twenty-one years of age." G.C. 8004–1 (124 Ohio Laws 178, 187), effective October 1, 1953.

{¶ 15} Thus, the statutes in effect at the time the trust was signed would permit persons only under 21 years of age to be adopted. This further bolsters the conclusion that the grantor had no intent to include adults who were adopted

---

1. It should be noted that the Harrises do not fit any of the statutory criteria to be adopted as adults in Ohio.

by Benjamin Lawwill to be included in the distribution of the trust estate to the "child or children" of Benjamin Lawwill.

{¶ 16} The same result holds true when viewing Texas statutes. Benjamin Lawwill adopted the Harrises in 2002 pursuant to Texas Code 162.501, which permits any adult to be adopted as long as consent is obtained from the adult adoptee. That statute first became effective on April 20, 1995. Acts 1995, 74th Leg., Ch. 20, Section 1. This statute was not in effect when the grantor executed her living trust in 1956.

{¶ 17} As a result, since adopting adults was not permitted in either Ohio or Texas when the grantor executed her irrevocable trust agreement, it is the finding of this court that she did not intend for adult adoptees to be included in the class of "children" of Benjamin Lawwill who would receive distributions of income or principal from the trust estate. Thus, the Harrises are not to be included in the class of beneficiaries of the trust, and they are to receive nothing from the trustee.

{¶ 18} It should be noted that the provisions of R.C. 3107.15(A)(3), which became effective March 14, 2003, would produce the same result. That section specifically prohibits individuals 18 years of age or older, who are adopted, to take under trust agreements as members of a class of "children" entitled to receive distributions under the trust agreement. The legislature specifically made that statute applicable to trust instruments executed before or after May 30, 1996, and the statute can therefore be applied retrospectively. *Mills*, supra, 45 Ohio St.3d at 157, 543 N.E.2d 1206.

{¶ 19} The court also notes that the Harrises adult adoption, which occurred in Texas, need not be recognized by this court pursuant to R.C. 3107.18. That statute specifically excludes giving effect to decrees of adoption from other states when such action would violate the public policy of this state. As set forth in the applicable adoption statutes, Ohio does not favor unfettered adult adoptions and permits them only in certain limited instances. R.C. 3107.02(B). Additionally, the new statute, R.C. 3107.15(A)(3), specifically denies adoptees that are adults at the time of their adoption the right to receive trust distributions under any circumstances. Thus, this court finds that the public policy of Ohio, as set forth in the statutes adopted by the legislature, would be violated by giving legal recognition to the Harrises' Texas adult adoption for purposes of including the Harrises in the class of "children" of Benjamin Lawwill who are to take distribution under the trust agreement.

## 2. Lisa Roland's Claim

{¶ 20} The next item upon which the trustee seeks instructions is the effect that the exercise of the power of appointment by Richard Lawwill Sr. in his

last will and testament has upon the distribution of trust assets. The trust agreement provides in Item First, Paragraph 3 that in the case of the death of any child of Benjamin Lawwill prior to distribution of the trust, the trustee shall "hold or distribute the share which he would have received as distribution to such of his surviving spouse * * * as he may by his Last Will and Testament have appointed in accordance with the terms of such appointment. * * *" Richard Lawwill Sr. died testate in 2002. Article III of his last will and testament specifically states:

"I hereby execute the limited Power of Appointment granted to me and authorized by the Lawwill Trust as follows: 1. I appoint my wife, Lisa Paul Roland, as beneficiary of any interest in the Trust."

{¶ 21} The court finds that Richard Lawwill Sr. validly exercised the power of appointment granted to him in the trust agreement. See *Papiernik v. Papiernik* (1989), 45 Ohio St.3d 337, 544 N.E.2d 664. His will expressly appoints his wife as the beneficiary of his interest in the trust. However, there is uncertainty as to what interest his wife is actually entitled to receive.

{¶ 22} Lisa Roland claims that she is immediately entitled to the entire trust estate because her husband was the sole child of Benjamin Lawwill and that the class of children has now closed due to her husband's death.[2]

{¶ 23} This argument of Lisa Roland assumes that the class of "children" of Benjamin Lawwill is now closed. That is not the case. Benjamin Lawwill is still alive and may father naturally born children in the future. The trustee cannot distribute the share that Richard Lawwill "would have received as distribution" pursuant to Item First, Paragraph 3 of the trust because such share cannot be determined until the class of "children" closes. This court finds that the language utilized in the trust agreement is clear and unambiguous that the class of children of Benjamin Lawwill can close only upon his death.

{¶ 24} This holding is in conformance with the prior entry issued by the court of common pleas in 1981 referred to above. This court need not consider whether that prior entry is res judicata.

{¶ 25} As a result, this court finds that Lisa Roland is entitled to receive so much of the net income and/or principal of the trust estate as the trustee, in its judgment and discretion, deems required for her maintenance, support, education, and comfort. She is entitled to the same treatment her now-deceased husband enjoyed during his lifetime under the terms of Item First, Paragraph 1 of the trust agreement.

---

2. Ms. Roland contends that the Harrises' claim should be denied.

{¶ 26} Finally, upon the death of Benjamin Lawwill and, hence, the closing of the class of his "children" for purposes of trust distribution, the provision of Item First, Paragraph 2 shall control, and the remainder of the trust estate shall be paid to the then-surviving issue of Benjamin Lawwill, per stirpes.

{¶ 27} This opinion constitutes the entry of this court.

Judgment accordingly.