OPINION
{¶ 1} Stephen Komarjanski ("Komarjanski"), the attorney for the estate of Frances Williams, appeals the October 22, 2003 judgment entry of the Lake County Court of Common Pleas, Probate Division, granting Komarjanski attorney fees in the amount of $947.63. For the reasons set forth below, we affirm the decision of the trial court in this matter.
 {¶ 2} On February 25, 2003, Frances Williams ("Williams") died testate. Samuel Williams ("Samuel") was appointed as executor of the estate. Samuel retained Komarjanski as counsel for the administering of the estate. Williams' estate consisted of a bank account, containing $4,214.91, and real property, valued at $89,900.00. Samuel advanced funds in the amount of $3,646.13 to the estate for payment of the estate's debts by submitting the funds to the pre-existing bank account. The real property was transferred to Williams' two heirs via a certificate of transfer.
 {¶ 3} A final account was filed on September 22, 2003. The final account included $1,725.00 in attorney fees to be paid to Komarjanski. The heirs waived notice of a hearing and consented to the final account. The consent specifically noted that the heirs agreed to the payment of attorney fees in the amount of $1,725.00.
 {¶ 4} On October 1, 2003, the trial court rejected the final account, specifically rejecting the $1,725.00 in attorney fees, and ordered the estate to resubmit the account with attorney fees in the amount of $974.63, as calculated under Lake County Probate Court Loc.R. 71.2.[1] Komarjanski filed an application for attorney fees in the amount of $1,725.00 on October 10, 2003, which included an itemization of time spent on the estate. The itemization indicated that Komarjanski spent 11.5 hours handling the estate with an hourly fee of $150.00.
 {¶ 5} On October 22, 2003, the trial court found that the application for attorney fees was not well taken and ordered that the amount of fees as determined in the earlier judgment entry stand Komarjanski timely appealed the decision and raises the following assignment of error:
 {¶ 6} "The Trial Court erred to the prejudice of Appellant when it reduced attorney fees from $1,725.00 to $974.63 without a hearing."
 {¶ 7} In his sole assignment of error, Komarjanski argues that the trial court was required to conduct a hearing on his motion for attorney fees. Komarjanski also argues that the trial court did not consider the factors enumerated in DR 2-106 in determining the reasonableness of Komarjanski's fees. Komarjanksi finally asserts that the trial court did not find that the attorney fees requested were unreasonable.
 {¶ 8} "The allowance of fees for services rendered by attorneys employed by an executor or administrator in the settlement of the estate * * * is a matter to be determined by the probate court." Trumpler v. Royer (1917), 95 Ohio St. 194, paragraph two of the syllabus. "An award of attorney fees is within the discretion of the trial court." In re Guardianship ofHards, 11th Dist. No. 2002-L-054, 2003-Ohio-4224, at ¶ 13 (citation omitted). The probate court's determination of attorney fees will not be overturned absent an abuse of discretion. Id. (citation omitted).
{¶ 9} An abuse of discretion consists of more than an error oflaw or judgment. Rather, it implies that the court's attitude isunreasonable, arbitrary or unconscionable. Berk v. Matthews(1990), 53 Ohio St.3d 161, 169 (citation omitted). Reversal,under an abuse of discretion standard, is not warranted merelybecause appellate judges disagree with the trial judge or believethe trial judge erred. Id. Reversal is appropriate only if theabuse of discretion renders "the result * * * palpably andgrossly violative of fact and logic [so] that it evidences notthe exercise of will but perversity of will, not the exercise ofjudgment but defiance thereof, not the exercise of reason butrather of passion or bias." State v. Jenkins (1984),15 Ohio St.3d 164, 222 (citation omitted).
 {¶ 10} Sup.R. 71(C) provides that "[a]ttorney fees may be allowed if there is a written application that sets forth the amount requested and will be awarded only after proper hearing." However, Sup.R. 71(D) provides that the "court may set a hearing on any application for allowance of attorney fees regardless of the fact that the required consents of the beneficiaries have been given." (Emphasis added.) Likewise, Lake County Loc.R. 71.6 provides that the "Court may approve an application for fees without a hearing or may require a hearing on fees, regardless of the fact that the required consents have been given." (Emphasis added.) Thus, a hearing only is required when "objections to an application for fees or exceptions to an accounting is filed." Id.
 {¶ 11} In this case, both of the heirs consented to the fees. Further, no objections to Komarjanski's application for fees or exceptions to the final accounting were filed. Thus, the trial court was not required to conduct a hearing on Komarjanski's application for attorney fees. See In re Guardianship ofMelton, 11th Dist. No. 2003-L-063, 2004-Ohio-1180, at ¶ 20.
{¶ 12} There is no minimum or maximum attorney fee that thecourt automatically will approve. Sup.R. 71(H). Rather,"[a]ttorney fees in all matters shall be governed by DR 2-106 ofthe Code of Professional Responsibility." Sup.R. 71(A). Pursuantto DR 2-106(B), the following factors are "to be considered asguides in determining the reasonableness of a fee * * *:
 {¶ 13} "(1) The time and labor required, the novelty anddifficulty of the questions involved, and the skill requisite toperform the legal service properly.
 {¶ 14} "(2) The likelihood, if apparent to the client, thatthe acceptance of the particular employment will preclude otheremployment by the lawyer.
 {¶ 15} "(3) The fee customarily charged in the locality forsimilar legal services.
 {¶ 16} "(4) The amount involved and the results obtained.
 {¶ 17} "(5) The time limitations imposed by the client or bythe circumstances.
 {¶ 18} "(6) The nature and length of the professionalrelationship with the client.
 {¶ 19} "(7) The experience, reputation, and ability of thelawyer or lawyers performing the services.
 {¶ 20} "(8) Whether the fee is fixed or contingent."
 {¶ 21} "[T]he burden is upon the attorneys to introduce into the record sufficient evidence of the services performed and of the reasonable value of such services * * *." In re Verbeck'sEstate (1962), 173 Ohio St. 557, 559. An attorney also bears the burden of proving that the billed time was fair, proper and reasonable. See Jacobs v. Holston (1980), 70 Ohio App.2d 55, 60
(citation omitted).
 {¶ 22} In support of his application for attorney fees, Komarjanski submitted an itemized bill, which included a brief description of the services performed and the amount of time expended. Although the time and labor of an attorney is a relevant factor in determining the reasonableness of the attorney's fees, it is but one of the factors the trial court must consider. In re Estate of Wirebaugh (1992),84 Ohio App.3d 1, 5 (citation omitted); In re Estate of Ziechmann (1987),41 Ohio App.3d 214, 218.
 {¶ 23} In its judgment entry, the trial court discussed, in detail, the short and simplistic history of the case. Moreover, the trial court specifically stated that it carefully reviewed the record. The trial court further indicated that it had considered the factors enumerated in DR 2-106. Thus, it is evident that the trial court did consider the factors of DR 2-106 in determining the reasonableness of attorney fees. See In reEstate of Lazar, 11th Dist. No. 2003-G-2509, 2004-Ohio-1964, at ¶ 29; see, also, Waggoner v. Waggoner (1996),111 Ohio App.3d 1, 6, citing Sayre v. Hoelzle-Sayre (1994),100 Ohio App.3d 203, 212 ("As a reviewing court, we can assume that the trial court considered all competent, credible evidence in the record and also applied all relevant statutory requirements in reaching its decision.").
 {¶ 24} Although the trial court did not specifically state that it found the initial amount requested for attorney fees to be unreasonable, by reducing the amount requested and finding the reduced amount to be reasonable, the court implicitly found that the amount requested was unreasonable. We must emphasize that valuing attorney fees strictly pursuant to Lake County Probate Court Loc.R. 71.2 does not render the calculated value reasonable as a matter of law. The trial court must still examine the record and apply the factors enumerated in DR 2-106 in determining whether the value of attorney fees as calculated pursuant to this provision is reasonable. Since the trial court in this case did, in fact, examine the record and did apply the requisite factors in determining that the value of attorney fees calculated pursuant to Lake County Probate Court Loc.R. 71.2 was reasonable, we cannot find that the trial court's award of attorney fees was unreasonable, arbitrary or unconscionable.
 {¶ 25} For the foregoing reasons, we hold that Komarjanski's sole assignment of error is without merit. The decision of the Lake County Court of Common Pleas, Probate Division, is affirmed.
Judgment affirmed.
Ford, P.J, and Rice, J., concur.
[1] Lake County Probate Court Loc.R. 71.2 provides guidelines for determining the reasonableness of attorney fees in probate matters, with a reasonable attorney fee on real property being one percent of the first $50,000.00 and a half percent of the balance, while a reasonable attorney fee on personal property is three and a half percent of the property's value. Accordingly, in this case, with the real property valued at $89,900.00 and the personal property valued at $7,861.04, the reasonable attorney fee was calculated to be $974.63.