OPINION
{¶ 1} Appellant, Marcus Bretschneider, appeals from the decision of the Geauga County Court of Common Pleas, Probate Division, denying his motion for extraordinary fiduciary fees and reducing the amount of attorney fees sought for work completed during the administration of the estate.
 {¶ 2} On November 15, 2004, appellant filed a motion for extraordinary fees in the amount of $4,569 and an application for attorney fees totaling $8190.55. The former contained a diary of various activities performed by appellant as the former executor of his mother's estate. The latter, set forth a detailed schedule of billed hours and activities performed by appellant's attorney, Jonathan Winer, who assisted appellant in the administration of the estate.
 {¶ 3} On December 21, 2004, a hearing was held on the motion and application. On January 18, 2005, the court summarily denied appellant's request for extraordinary fiduciary fees and determined Attorney Winer would be paid $2,500 in attorney's fees and $150.55 in costs. Appellant now appeals and asserts two assignments of error for our review:
 {¶ 4} "[1.] The trial court erred in allowing only $2500 of the executor's verified attorney fees, totaling $8040.
 {¶ 5} "[2.] The trial court erred in denying the executor's application for extraordinary fiduciary fees."
 {¶ 6} An attorney retained to assist in the administration of an estate is entitled to reasonable attorney fees paid as part of the expenses of administration. In re Estate of Murray, 11th Dist. No. 2004-T-0030, 2005-Ohio-1892, at ¶ 20, citing R.C.2113.36. The allocation of attorney fees is governed by DR 2-106 of the Code of Professional Responsibility. Sup.R. 71(A). Pursuant to DR 2-106(B), the following factors are to be considered as guides in determining the reasonableness of a fee * * *:
 {¶ 7} "(1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly.
 {¶ 8} "(2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.
 {¶ 9} "(3) The fee customarily charged in the locality for similar legal services.
 {¶ 10} "(4) The amount involved and the results obtained.
 {¶ 11} "(5) The time limitations imposed by the client or by the circumstances.
 {¶ 12} "(6) The nature and length of the professional relationship with the client.
 {¶ 13} "(7) The experience, reputation, and ability of the lawyer or lawyers performing the services.
 {¶ 14} "(8) Whether the fee is fixed or contingent."
 {¶ 15} The attorney has the burden of introducing evidence of the services performed and the reasonable value of his or her legal services. In re Estate of Lindquist (Dec. 22, 1995), 11th Dist. No. 95-P-0041, 1995 Ohio App. LEXIS 5713, at 5. The attorney must also demonstrate that the billed time was fair, proper, and reasonable. In re Estate of Williams, 11th Dist. No. 2003-L-200, 2004-Ohio-3993, at ¶ 21. The allowance of fees for services rendered by attorneys employed by an executor or administrator is a matter within the discretion of the probate court and we will not disturb the court's determination save an abuse of discretion. In re Estate of Wirebaugh (1992),84 Ohio App.3d 1, 4-5.
 {¶ 16} Under his first assignment of error, appellant initially argues the trial court abused its discretion in failing to consider applicable factors under DR 2-106(B).
 {¶ 17} At the hearing, appellant's counsel submitted a sworn verification of his services and the time he spent working on matters relating to the administration of the estate. In its January 18, 2005 judgment entry, the court provided a brief history of the case and indicated it "considered the factors to be considered as guides in determining the reasonableness of attorney fees as provided for in Disciplinary Rule 2-106(B). While the court did not specifically recite each factor in its judgment entry, we believe the foregoing statement suffices to show the trial court considered the evidence proffered by appellant's counsel in relation to the applicable factors. Further, we may presume the trial court considered all competent, credible evidence submitted at the hearing and applied all relevant statutory factors in reaching its decision. In reEstate of Lazar, 11th Dist. No. 2003-G-2509, 2004-Ohio-1964, at ¶ 29. We find appellant's initial argument unavailing.
 {¶ 18} Next, appellant argues the trial court's decision to reduce appellant's allowable attorney fees from $8040 to $2500 was arbitrary and unreasonable.
 {¶ 19} Appellant's counsel submitted a detailed, itemized statement of his services and fees which totaled $8,040. In its judgment entry, the trial court stated:
 {¶ 20} "The Court approves the payment of attorney fees in the amount of $2,500.00 and reimbursement of cost to counsel in the amount of $150.55. The court does not approve the balance of the applicant's fee bill. In reaching this decision the Court finds that the amount of time and labor expended by counsel in the above captioned case was excessive given the relatively simple nature of the estate and the lack of novelty or difficulty of the questions involved. The estate should have been relatively simple and did not require exceptional skill."
 {¶ 21} "The court finds that counsel's hourly fee is appropriate, but the number of hours expended on the estate is excessive for what should have been a simple estate to administer. Much of the time expended by counsel dealt with pursuing claims by Marcus Bretschneider against the estate and to defend against claims made by other beneficiaries for alleged self dealing and improprieties by Marcus Bretschneider.
 {¶ 22} "The Court further finds that unnecessary time was expended on the estate as a result of errors made in the initial inventory and the disbursement of assets prior to the approval of an inventory by the Court."
 {¶ 23} "* * * The attorney fees approved by the Court reflect the degree to which the fiduciary, with the assistance of counsel, completed the administration of the estate."
 {¶ 24} We acknowledge that parties who participate in litigation not directed toward the general benefit of the estate will not be awarded attorney fees. Kirkbride v. Hickok (1951), 155 Ohio St. 165, syllabus; see, also, In re Estate of Lewis,
6th Dist. No. L-03-1069, 2003-Ohio-7266, at ¶ 19-20. It appears the court's reduction of counsel's fees was based, in part, upon this justification. Further, the trial court's judgment entry reflects its belief that the administration of this estate was legally unremarkable and relatively uncomplicated. Finally, the court expressed its position that the award of attorneys fees was commensurate with the degree of work required for completing the administration of this estate. The trial court reviewed the evidence, considered the DR 2-106(B) factors, and related its decision to the facts of the case. The trial court's decision is neither arbitrary nor unreasonable. Thus, appellant's argument is not well taken.
 {¶ 25} Appellant's final contention under his first assignment of error alleges that an executor is entitled to legal counsel to defend against non-meritorious allegations concerning the estate and its administration. In its January 18, 2005 judgment entry, the trial court made the following comment regarding counsel's services:
 {¶ 26} "Much of the time expended by counsel dealt with pursuing claims by Marcus Bretschneider against the estate and to defend against claims made by other beneficiaries for alleged self dealing and improprieties by Marcus Bretschneider."
 {¶ 27} While the court drew its own conclusions regarding the relative necessity of certain facets of counsel's services, we do not read the foregoing statement as a denial of an executor's ability to retain counsel to defend allegedly frivolous claims. Rather, the court found that some of the billed hours were not necessarily rendered in service of the administration of the estate. Such a determination is factual and based upon the court's consideration and analysis of counsel's statement of his fees. However, appellant's argument essentially challenges a legal ruling the trial court did not make. Accordingly, this aspect of appellant's first assignment of error is moot.
 {¶ 28} Appellant's first assignment of error is overruled.
 {¶ 29} Under his second assignment of error, appellant contends the trial court abused its discretion in denying his application for extraordinary fiduciary fees.
 {¶ 30} Where a fiduciary performs extraordinary services in the administration of an estate, R.C. 2113.36 permits a court to award additional compensation. In re Estate of Thomas (April 12, 2000), 9th Dist. No. 19588, 2000 Ohio App. LEXIS 1594, at 12. When a request for extraordinary fees is made, the court;
 {¶ 31} "shall review both ordinary and extraordinary services claimed to have been rendered. If the commissions payable pursuant to section 2113.35 of the Revised Code, exceed the reasonable value of such ordinary services rendered, the court must adjust any allowance made for extraordinary services so that total commissions and allowances to be made fairly reflect the reasonable value of both ordinary and extraordinary services." R.C. 2113.36.
 {¶ 32} A court's decision regarding the propriety of extraordinary compensation will not be disturbed absent an abuse of discretion. See, Thomas, supra, at 15.
 {¶ 33} At the hearing, the court heard testimony regarding the improvements appellant made to his mother's former house. During the time he made these improvements, appellant was living in the house rent free; appellant maintained the house was not in a condition to rent or sell owing to its disrepair. Accordingly, appellant testified he performed the work as part of his role as a fiduciary in an effort to bring the house "up to code" and suitable for renting or sale.
 {¶ 34} The court declined to award appellant extraordinary fees for the home improvements. The court determined:
 {¶ 35} "The Court finds that the bulk of this alleged work can not be characterized as performing fiduciary responsibilities and should not be compensated by payment of fiduciary fees. Further, at the time of the hearing, [appellant] failed to offer credible evidence that the estate was actually benefited from the home improvements that he performed. The evidence presented at the time of hearing suggested the opposite. After [appellant] was removed as fiduciary for the estate, the successor executor of the estate * * * sold the decedent's residence for an amount that was less than the appraised value of the real estate. The real estate had been appraised prior to the work allegedly performed by [appellant]."
 {¶ 36} A "fiduciary" is generally understood as "a person having a duty, created by his undertaking, to act primarily forthe benefit of another in matters connected with his undertaking" Strock v. Pressnell (1988), 38 Ohio St.3d 207, 216
(emphasis sic.), see, also, Hurst v. Enter. Title Agency,157 Ohio App.3d 133, 144, 2004-Ohio-2307. Here, appellant was living on the property without paying rent to the estate; in other words, the decedent's former residence was appellant's residence at the time he engaged in the alleged improvements. While appellant testified he performed the work to make the home more attractive for sale, his testimony also suggests the improvements were made to make the house habitable while he was residing in the home. Under the circumstances, it was not clear appellant did the work "primarily for the benefit" of the estate. Moreover, the record is clear that the home eventually sold for two thousand dollars less than the original asking price. In this respect, not only is it unclear that the work was done with an intent to "primarily" benefit the estate, it is equally unclear, despite appellant's contentions, that the estate actually received a benefit from appellant's work.
 {¶ 37} The statute enabling the award of extraordinary fees does not provide any guidance as to what should be considered "necessary." Accordingly, we must look at the evidence and observe whether the court's decision was supported by record. Here, the trial court's decision was so supported. Therefore, we hold the trial court did not abuse its discretion when it declined to award appellant extraordinary fees for the improvements he allegedly made to the decedent's residence. Appellant's second assignment of error is overruled.
 {¶ 38} For the foregoing reasons, appellant's assignments of error are overruled and the judgment of the Geauga County Court of Common Pleas, Probate Division, is hereby affirmed.
O'Neill, J., O'Toole, J., concur.