[Cite as *In re Estate of Hards*, 2017-Ohio-7290.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| ESTATE OF: BERTINA HARDS, DECEASED. | : | **O P I N I O N** |
| | : | **CASE NO. 2016-G-0102** |

Civil Appeal from the Geauga County Court of Common Pleas, Probate Division.
Case No. 02 PE 000194.

Judgment: Reversed and remanded.

*Frank J. Witschey*, *Craig S. Horbus*, and *Daniel E. Kandray*, Witschey Witschey & Firestine Co., LPA, 405 Rothrock Road, Suite 103, Akron, OH 44321 (For Appellant).

*Jacqueline Adams*, pro se, P.O. Box 234, Novelty, OH 44072 (Appellee).

TIMOTHY P. CANNON, J.

{¶1} The law firm of Witschey Witschey & Firestine Co., LPA ("WWF") (appellant herein) appeals from the Geauga County Court of Common Pleas, Probate Division's, denial of WWF's application for attorney fees. Jacqueline Adams, as administrator of the Estate of Bertina Hards (appellee herein), has not filed a brief on appeal. For the following reasons, the probate court's judgment is reversed, and the matter is remanded.

{¶2} Bertina Hards' estate was opened in the probate court in 2002; Ms. Adams was appointed the administrator. The law firm of Michael A. Shore Co., L.P.A.

("Shore"), filed a lawsuit in the Geauga County Court of Common Pleas against Ms. Adams, as the estate administrator, and against Ms. Adams and Kenneth Adams, individually, seeking payment for legal services.[1]  In 2004, the Adamses moved for summary judgment and sought a determination regarding whether Shore's claims were frivolous.  *Shore*, *supra*, at ¶10.  The final hearing in that matter did not take place until 2015.  *Id.* at ¶15.  On August 20, 2015, the common pleas court found Shore's complaint was frivolous and awarded the Adamses $10,000.00 as reasonable compensation for the expenses they incurred as a result.  *Id.* at ¶17.

{¶3}  The Adamses filed a notice of appeal, pro se, from the common pleas court's decision, and Shore filed a cross-appeal.  *Id.* at ¶1.  This court issued a judgment entry on December 28, 2015, which held the Adamses were only permitted to proceed on appeal in their individual capacities, not on behalf of the estate, as they are not licensed counsel in Ohio.  *Citing Kinasz v. S.W. Gen. Health Ctr.*, 8th Dist. Cuyahoga No. 100182, 2014-Ohio-402, ¶14 ("Under Ohio law, a non-attorney personal representative of an estate may not litigate claims on behalf of the estate pro se because allowing a pro se litigant to represent others would constitute the unauthorized practice of law."); *see also* R.C. 4705.01.

{¶4}  In the case sub judice, WWF represents it was hired by the estate on an hourly fee basis to resolve procedural issues in the previous appeal, including Ms. Adams' inability to represent the estate pro se, and that no portion of the fee agreement involved contingent fees.

---

1. For a complete factual recitation of the litigation between Ms. Adams, et al., and Michael A. Shore Co., L.P.A., see this court's opinion in *Michael A. Shore Co., L.P.A. v. Estate of Hards*, 11th Dist. Geauga No. 2015-G-0038, 2017-Ohio-7123.

{¶5} On June 27, 2016, WWF filed an administrative claim in the probate court, providing notice of its performance of legal services on behalf of the estate in appellate case No. 2015-G-0038, which occurred prior to this court dismissing the estate from that appeal. WWF requested that the probate court allow and instruct Ms. Adams, as administrator of the estate, to pay its counsel fees from estate assets. WWF attached a copy of the bill for the court's reference, which totaled $9,851.26. Ms. Adams, as administrator, filed a brief in opposition to WWF's application for fees.

{¶6} WWF and the Adamses appeared before the probate court on October 18, 2016. WWF requested the court allow it to present evidence in support of its application for fees. The court recessed to research whether the Adamses were permitted to oppose the claim pro se. Upon return to the bench, the probate court stated: "I did have a chance to remind myself that this is a claim by the Witschey Law Firm against the Estate for attorney's fees that were not – for attorney services that were not submitted to or approved by this Court. As far as I'm concerned, that's game, set, and match. Your motions are denied." Upon WWF's objection, the probate court stated: "You can't run up a tab by providing legal services to an administrator without coming through the Court to get those services approved. You didn't do it. Your motion's denied. You want to take it up, you know where to go." No more discussion was had on the record.

{¶7} The probate court issued an entry to this effect on October 27, 2016. It held, in relevant part: "The Probate Court was not informed of the appellate action and was not asked to approve the estate's retention of attorney Witschey prior to his providing legal services. Moreover, the Court did not approve the estate's retention of attorney Witschey or his firm. Therefore, attorney Witschey's administrative claim is

3

denied." The probate court cited no case law, statutory law, or rule in support of its decision.

{¶8} WWF was permitted to file certain documents in support of its application for fees under seal.

{¶9} WWF had also requested findings of fact and conclusions of law, which the probate court denied on November 4, 2016. In its entry, the court stated it had "provided sufficient basis, to wit: The applicant did not get attorney fees approved [by] the Court, pursuant to the Ohio statute and the Court's local rules. Therefore, the Court previously rendered its decision, and that decision sufficiently set forth the basis of its ruling." It referenced, for the first time, that it had denied the application on the authority of R.C. 2117.25 and its own Local Rule 11.

{¶10} WWF filed a timely appeal and assigns one error for our review:

{¶11} "The probate court abused its discretion by denying appellant, [WWF's,] claim for attorney fees because of an incorrect application of Geauga County Probate Court Local Rule 11 and by not allowing [WWF] to present evidence as to the reasonableness of its attorney fees."

{¶12} On appeal, WWF represents it was hired by the estate on an hourly fee basis to resolve procedural issues in the previous appeal, including Ms. Adams' inability to represent the estate pro se, and that no portion of the fee agreement involved contingent fees. The documents submitted to this court under seal support these representations. WWF asserts the trial court abused its discretion by refusing to allow it to present evidence in support of its application for attorney fees at the October 18,

4

2016 hearing and by misapplying the legal authority cited in its November 4, 2016 entry, to wit: R.C. 2117.25 and Geauga County Probate Court Local Rule 11.

{¶13} "An attorney retained to assist in the administration of an estate is entitled to reasonable attorney fees paid as part of the expenses of administration." *In re Estate of Bretschneider*, 11th Dist. Geauga No. 2005-G-2620, 2006-Ohio-1013, ¶6, citing *In re Estate of Murray*, 11th Dist. Trumbull No. 2004-T-0030, 2005-Ohio-1892, ¶20, citing R.C. 2113.36. The reasonableness of a fee is to be determined by the court and is governed by the Ohio Rules of Professional Conduct. *See* Sup.R. 71(A).

{¶14} "The allowance of fees for services rendered by attorneys employed by an executor or administrator is a matter within the discretion of the probate court and we will not disturb the court's determination save an abuse of discretion." *Bretschneider*, *supra*, at ¶15, citing *In re Estate of Wirebaugh*, 84 Ohio App.3d 1, 4-5 (6th Dist.1992). An abuse of discretion is the "'failure to exercise sound, reasonable, and legal decision-making.'" *State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶62, quoting *Black's Law Dictionary* 11 (8th Ed.2004).

{¶15} Questions of law (such as the proper application of a local rule), on the other hand, are reviewed de novo. *Wren v. Tutolo*, 11th Dist. Geauga No. 2012-G-3104, 2013-Ohio-995, ¶8, citing *Haskett v. Haskett*, 11th Dist. Lake No. 2011-L-155, 2013-Ohio-145, ¶17. Thus, this court conducts an independent review without deference to the trial court's decision. *Brown v. Cty. Commrs. of Scioto Cty.*, 87 Ohio App.3d 704, 711 (4th Dist.1993).

{¶16} Neither the Ohio statute nor the Local Rule cited by the probate court requires an attorney to obtain leave of court prior to providing legal services for the

5

administration of an estate.    R.C. 2117.25(A)(1) provides, "Every executor or administrator shall proceed with diligence to pay the debts of the decedent and shall apply the assets in the following order: (1) Costs and expenses of administration[.]"  The Local Rule states that "[f]ees shall be paid only after they have been approved by the Court."  Loc.R. 11(1)(A).  The probate court must approve those fees as "based upon the actual services performed by the attorney, and the reasonable value of services." *Id.*  Additionally, the probate court is required to hold a hearing on an application for counsel fees when the attorney is "unable to secure the fiduciary's consent" or when the application for fees "appears excessive to the Court."  Loc.R. 11(1)(C)-(D).  The only time counsel must obtain approval from the probate court prior to providing services is "[p]rior to a fiduciary entering into a contingent fee contract with an attorney for services."  Sup.R. 71(I).

{¶17}  The probate court's refusal to allow the presentation of evidence or to even consider WWF's application at the October 18, 2016 hearing was an abuse of discretion.  The documents under seal indicate the fee contract did not include any contingent fees, thus pre-approval was not required by the probate court.  The probate court's subsequent attempt to justify its decision by referencing R.C. 2117.25 and Local Rule 11 amounted to an improper application of the law.

{¶18}  The judgment of the Geauga County Court of Common Pleas, Probate Division, is reversed.  This matter is remanded for the probate court to hold a hearing on the application for attorney fees and to approve those fees that it finds comply with state law and are "based upon the actual services performed by the attorney, and the reasonable value of services," pursuant to Geauga County Probate Court Local Rule

6

11. This court does not have the authority to entertain WWF's request for a visiting judge assignment upon remand. *See* R.C. 2701.03(A) ("any party to the proceeding or the party's counsel may file an affidavit of disqualification with the clerk of the supreme court in accordance with division (B) of this section").


CYNTHIA WESTCOTT RICE, P.J.,

THOMAS R. WRIGHT, J.,

concur.