[Cite as *In re Estate of Brunger*, 2018-Ohio-4474.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| ESTATE OF: ELEANOR FAYE BRUNGER, | : | **O P I N I O N** |
| a.k.a. ELEANOR F. BRUNGER, | | |
| a.k.a. ELEANOR BRUNGER, | : | |
| DECEASED. | | **CASE NO. 2018-P-0003** |

Civil Appeal from the Portage County Court of Common Pleas, Probate Division.
Case No. 2016 ES 537.

Judgment: Affirmed in part and reversed in part; remanded.


*S. Kim Kohli*, pro se, 1 Memory Lane, Suite 400, Garrettsville, OH 44231 (Appellant).


TIMOTHY P. CANNON, J.

{¶1} Appellant, Attorney S. Kim Kohli, appeals from the decision of the Portage County Court of Common Pleas, Probate Division, denying her motion for extraordinary attorney fees sought for work completed during the administration of the Estate of Eleanor Faye Brunger, a.k.a. Eleanor F. Brunger, a.k.a. Eleanor Brunger, Deceased. The probate court's judgment is affirmed in part and reversed in part, and this matter is remanded.

{¶2} On December 1, 2017, appellant filed a motion for extraordinary attorney fees in the amount of $1,915.50 and an application for estate attorney fees totaling $2,395.01. Attached to the motion and application was an itemized fee bill detailing the dates and types of services provided to the estate and the hourly rate for those services. Simultaneously, a "consent to payment of attorney fees outside court guidelines" was filed

by each beneficiary of the estate: Glenna L. Hovatter, Jennifer McPherson, Cheryl D. Lutes, and a representative of the Ohio Attorney General. Also accompanying these documents was a Final Account, Receipts, and Disbursements.

{¶3} On December 14, 2017, the probate court summarily denied appellant's motion for extraordinary fees, without a hearing, finding the "attorney's fees requested are not extraordinary."

{¶4} The clerk of courts returned the Final Account, Receipts, and Disbursements to appellant to make corrections that would reflect the probate court's ruling. Appellant filed a First Partial Account on January 10, 2018, which reflects an undistributed balance of $2,395.01.

{¶5} Appellant filed a notice of appeal from the probate court's denial of her motion for extraordinary fees on January 12, 2018. She has assigned two errors for our review:

> [1.] The Court erred and abused its discretion when it denied Appellant's request for extraordinary attorney's fees without notice of hearing and opportunity to be heard.

> [2.] The Court erred and abused its discretion when it denied Appellant's request for extraordinary attorney fees by failing to fully consider the docket and pleadings and apply the proper standard of review for ordinary, necessary, reasonable and extraordinary fees.

{¶6} Under her first assignment of error, appellant argues the probate court abused its discretion by denying her motion without first holding a hearing. In support of her argument, appellant cites to Portage County Local Rule 71.2(E), which provides: "The Court may set a hearing on any application for allowance of attorney fees regardless of the fact that the required consents of beneficiaries have been given." Her argument additionally relies on Portage County Probate Court Local Rule 71.2(G), which provides, in pertinent part:

2

Applications for Attorney fees in excess of those computed in accordance with Local Rule 71.[2](K) shall be considered by the Court only after Hearing and Notice to all Parties, unless the Application is approved by all Parties affected by the payment of such fees as shown by their signatures on the Account or upon separate document filed with the Account.

{¶7} Read together, these rules provide that it is within the probate court's discretion to hold a hearing on *any* application for attorney fees, even when the beneficiaries have given consent. The probate court *must* hold a hearing on any application for attorney fees in excess of the Fee Guidelines found in Local Rule 71.2(K) if any party affected by payment of the fees does not give written approval. If, however, all affected parties have approved an application for the payment of attorney fees in excess of those guidelines, it is again within the probate court's discretion to hold a hearing on the application.

{¶8} The value of the probate estate sub judice, including personal property, is $11,987.85. For an estate of that value, Local Rule 71.2(B) and (K) provide that attorney fees are presumed reasonable and allowable at a rate of 4%. Thus, according to that rate, appellant requested $479.51 in ordinary fees. Pursuant to Local Rule 71.2(E), the probate court was permitted but not required to hold a hearing on that amount. Appellant requested an additional $1,915.50 in extraordinary fees. This application was approved by all affected parties as shown by their signatures in separate documents filed with the account. Thus, pursuant to Local Rule 71.2(G), the probate court was also not required to hold a hearing before considering the application for extraordinary fees.

{¶9} The probate court's decision not to hold a hearing would, therefore, be reversible error only if it constituted an abuse of discretion, i.e., if its decision was "unreasonable, arbitrary, or unconscionable." *State ex rel. Edwards v. Toledo City School Dist. Bd. of Edn.*, 72 Ohio St.3d 106, 107 (1995). *See also State v. Beechler*, 2d Dist.

3

Clark No. 09-CA-54, 2010-Ohio-1900, ¶62, quoting *Black's Law Dictionary* 11 (8th Ed.2004) (defining "abuse of discretion" as the "failure to exercise sound, reasonable, and legal decision-making").

{¶10} Appellant did not include a request for a hearing in her motion for extraordinary fees, and she provided the court with an itemized fee bill detailing the dates and types of services provided for the estate and the hourly rate for those services. Because the affected parties did not challenge her motion or the contents of the itemized fee bill, and because they approved the application for attorney fees, we conclude the probate court did not abuse its discretion in ruling on the motion for extraordinary fees without first holding a hearing.

{¶11} Appellant's first assignment of error is without merit.

{¶12} Under her second assignment of error, appellant argues the probate court's denial of her motion, based on its determination that the requested fees were not extraordinary, constituted an abuse of discretion because the court did not determine whether those fees were necessary and reasonable.

{¶13} "An attorney retained to assist in the administration of an estate is entitled to reasonable attorney fees paid as part of the expenses of administration." *In re Estate of Bretschneider*, 11th Dist. Geauga No. 2005-G-2620, 2006-Ohio-1013, ¶6, citing *In re Estate of Murray*, 11th Dist. Trumbull No. 2004-T-0030, 2005-Ohio-1892, ¶20, citing R.C. 2113.36. Attorney fees "must be reasonable both from the standpoint of the attorney rendering the services and from the standpoint of the estate out of which payment is being made." *In re Estate of Love*, 1 Ohio App.2d 571, 578 (10th Dist.1965). The reasonableness of a fee is to be determined by the probate court and is governed by the Ohio Rules of Professional Conduct. *See* Sup.R. 71(A).

4

{¶14} "Where a fiduciary performs extraordinary services in the administration of an estate, R.C. 2113.36 permits a court to award additional compensation." *Bretschneider*, *supra*, at ¶30, citing *In re Estate of Thomas*, 9th Dist. Summit No. 19588, 2000 WL 372312 (Apr. 12, 2000). When a request for extraordinary fees is made, "the court shall review both ordinary and extraordinary services claimed to have been rendered." R.C. 2113.36. "If the fees payable pursuant to section 2113.35 of the Revised Code exceed the reasonable value of such ordinary services rendered, the court shall adjust any allowance made for extraordinary services so that the total fees and allowances to be made fairly reflect the reasonable value of both ordinary and extraordinary services." *Id.*

{¶15} Pursuant to Prof.Cond.R. 1.5(a), the following factors are to be considered in determining the reasonableness of a fee:

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
>
> (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
>
> (3) the fee customarily charged in the locality for similar legal services;
>
> (4) the amount involved and the results obtained;
>
> (5) the time limitations imposed by the client or by the circumstances;
>
> (6) the nature and length of the professional relationship with the client;
>
> (7) the experience, reputation, and ability of the lawyer or lawyers performing the services;
>
> (8) whether the fee is fixed or contingent.

5

**{¶16}** As provided in Portage County Local Rule 71.2(A), these factors are adapted more specifically to the reasonableness of a fee for legal services in connection with the administration of an estate:

1. The time and effort required;

2. The complexity and difficulty of the Estate and the various matters and questions involved, including the determination of Federal and State Income taxes and Estate taxes;

3. The degree of skill required to perform these services to the best advantage of the Estate;

4. Fees customarily charged in Portage County for such service;

5. The amount and character of the assets, including non-probate assets included in the gross estate for Estate Tax purposes and the liability of the Estate;

6. The benefits resulting from the Estate from the services;

7. The experience and ability of the Attorney or Attorneys performing these services and all other relevant factors.

**{¶17}** Pursuant to Portage County Local Rule 71.2(F), examples of extraordinary services which may be compensated include, but are not limited to, the following:

1. Actions for the estate in a Court other than Probate;

2. A contested matter in Probate Court;

3. In connection with the preparation or filing, audit, protest of, contest of an income or gift tax return, or liability incurred by the decedent or personal representative;

4. In connection with the settlement of the estate taxes with respect to insurance not payable to the estate, gifts in contemplation of death, or general testamentary powers of appointment not exercised by the decedent and other testamentary powers of appointment not exercised by the decedent and other negotiations not represented by assets included in the gross value of the estate;

5. With respect to problems of valuation or taxability of property for estate taxes or protest of such taxes;

6

6. In connection with matters which are unusual or excessive for the size of the estate;

7. In connection with the performance of duties normally performed by the fiduciary but which fall to the lawyer because of the fiduciary's inexperience, lack of ability, or absence from the place from which the assets of the estate must be managed;

8. Sale of business or business assets;

9. Proceedings to determine heirship;

10. Proceedings involving partnership;

11. Completion of a land contract.

{¶18} The attorney has the burden to introduce evidence of the services performed, the reasonable value of those services, and that the billed time was fair, proper, and reasonable. *Bretschneider*, *supra*, at ¶15, citing *In re Estate of Lindquist*, 11th Dist. Portage No. 95-P-0041, 1995 WL 815334, *2 (Dec. 22, 1995), and *In re Estate of Williams*, 11th Dist. Lake No. 2003-L-200, 2004-Ohio-3993, ¶21. "The statute enabling the award of extraordinary fees does not provide any guidance as to what should be considered 'necessary.' Accordingly, we must look at the evidence and observe whether the court's decision was supported by [the] record." *Id.* at ¶37.

{¶19} "The allowance of fees for services rendered by attorneys employed by an executor or administrator is a matter within the discretion of the probate court and we will not disturb the court's determination save an abuse of discretion." *Id.* at ¶15, citing *In re Estate of Wirebaugh*, 84 Ohio App.3d 1, 4-5 (6th Dist.1992).

{¶20} Appellant's motion for extraordinary fees calculated the fees and costs for the services she provided to the estate from October 2016 through October 2017 at $2,819.09 for 12.25 hours of work. Appellant indicated she would accept $2,395.01 as

7

total payment, presumably because, as stated in the First Partial Account, this is the amount remaining in the estate after all disbursements have been made.

**{¶21}** The probate court summarily denied the request for extraordinary fees, stating, without analysis or discussion, that "the fees requested are not extraordinary." The probate court was not bound to accept appellant's itemization of services she performed on behalf of the estate. *See Murray*, *supra*, at ¶24. It is impossible, however, to discern whether the probate court analyzed the reasonable value of the ordinary and necessary services appellant did provide to the estate. Without more of an indication as to the probate court's reasoning for denying all the requested fees, over and above the $479.51 presumed reasonable, we must remand for further proceedings.

**{¶22}** As this court previously held in *Murray*, without understanding the basis for the probate court's reduction of fees, our affirmance would be nothing more than a "rubber stamp" of that decision. *See id.* at ¶26. *See also In re Estate of Duffy*, 148 Ohio App.3d 574, 2002-Ohio-3844, ¶17-18 (11th Dist.) (probate court erred by "summarily" denying attorney fees without determining the reasonableness of those fees); *In re Estate of Clark*, 11th Dist. Geauga No. 97-G-2060, 1997 WL 799929, *3 (Dec. 19, 1997) (reversing an award of attorney fees where "the probate court did not sufficiently explain its reasoning"); *Lindquist*, *supra*, at *3 ("the court erred in summarily denying appellant's final request for attorney fees without ascertaining and factoring into the equation the reasonable value of the compensable services actually performed by appellant").

**{¶23}** It appears from the information contained in appellant's itemized bill that there were at least two significant matters to address in relation to the size of the estate. The first was the resolution of a significant debt related to the mobile home owned by the decedent. The second was a negotiation with the Ohio Attorney General's office with

8

regard to a Medicaid lien. Finally, it is not clear how the balance of the estate would be distributed based on the disapproval of appellant's requested fees. This may be relevant to an assessment of the reasonableness in relation to the size of the estate.

{¶24} We conclude the denial of appellant's motion without determining the reasonable value of legal services provided by appellant to the estate was an abuse of discretion.

{¶25} Appellant's second assignment of error is well taken.

{¶26} The judgment of the Portage County Court of Common Pleas, Probate Division, is hereby affirmed in part and reversed in part. Although the outcome may not ultimately be significantly altered, this matter is remanded for further proceedings consistent with this opinion. According to its local rules, the probate court may, in its discretion, hold a hearing to aid in its determination. After hearing at oral argument appellant's explanation of her services, however, we believe the probate court may benefit from a hearing wherein appellant could provide the probate court with a full description of the legal services provided to the estate.


CYNTHIA WESTCOTT RICE, J., concurs,

DIANE V. GRENDELL, J., concurs in part and dissents in part, with a Concurring/Dissenting Opinion.


_____


DIANE V. GRENDELL, J., concurs in part and dissents in part, with a Concurring/Dissenting Opinion.

{¶27} I concur with the majority's determination that the trial court erred in issuing a decision that lacked analysis to support its denial of the appellant's motion for

9

extraordinary fees. I dissent as to the judgment remanding solely for the lower court to enter a new decision, since it is necessary for the court to hold a hearing prior to issuing a new entry. Such a hearing is required to ensure the lower court has a proper basis for its decision.

{¶28} The trial court erred in issuing a conclusory decision that extraordinary fees are unwarranted, necessitating reversal. While this court must give deference to the trial court on matters involving fees, such deference is not unlimited. The law requires a trial court to set forth analysis that will allow a review of its decision and prevent this court from merely providing a "rubber stamp." *In re Estate of Murray*, 11th Dist. Trumbull No. 2004-T-0030, 2005-Ohio-1892, ¶ 26 ("for this court to be able to conduct any meaningful review of the trial court's exercise of its discretion, we must be able to discern some basis for its decision"); *supra* at ¶ 22-23.

{¶29} As to the issue of whether a hearing is warranted on remand, the majority states: "we believe the [lower] court may benefit from a hearing wherein appellant could provide the probate court with a full description of the legal services provided to the estate." *Supra* at ¶ 26. Rather than providing a suggestion or advisement, this court should unambiguously order that a hearing must be conducted upon remand.

{¶30} It is evident from the record that there were several complex issues that warranted full and fair consideration when determining extraordinary fees. In her administration of the estate, the appellant provided services that ranged from handling the decedent's unpaid rent to addressing Medicaid matters. Portage County Probate Court Local Rule 71.2(F) provides many factors the court must adequately and thoroughly consider to determine the amount of extraordinary fees to be awarded. This is necessary so the attorney assisting in the administration of an estate receives the "reasonable

10

attorney fees" to which she is entitled. *In re Estate of Bretschneider*, 11th Dist. Geauga No. 2005-G-2620, 2006-Ohio-1013, ¶ 6.

{¶31} To determine the reasonableness of the extraordinary fees requested, a trial court "may set a hearing * * * regardless of the fact that the required consents of the beneficiaries have been given." Sup.R. 71(D); Portage County Probate Court Loc.R. 71.2(K). Thus, there is no question that the court can hold such a hearing in instances where it is warranted and necessary.

{¶32} The present instance is one in which a hearing is essential. Despite the fact that the appellant presented the court with an application outlining her fees and that evidence supporting such fees was present in the record of the case, the lower court denied the application outright. Without providing appellant the opportunity to present evidence to support her request for fees, the ability of the trial court to give full and fair consideration to her request is in question.

{¶33} While appellant may not have initially made a specific request for a hearing, given the circumstances, where the trial court improperly denied her motion for fees and appellant has clearly indicated on appeal that she wants and is entitled to a hearing, this provides grounds for this court to order a hearing. This is consistent with Sup.R. 71(D) and Local Rule 71.2(K)'s allowances that a hearing may be held in this type of matter.

{¶34} While a remand alone, as ordered by the majority, will remedy the trial court's failure to provide adequate information supporting its ruling, a hearing will assure that the trial court has a proper basis for its decision and is fully informed of the grounds for appellant's request. It will also limit the chances of this matter coming before this court on appeal for a second time, advancing the interest of judicial economy.

{¶35} For the foregoing reasons, and since a hearing is necessary to ensure a fair

11

outcome for appellant, I dissent in part and would reverse with instructions to conduct a new hearing on remand.