[Cite as *In re Estate of Brunger*, 2019-Ohio-3548.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| ESTATE OF: ELEANOR FAYE BRUNGER, | : | **O P I N I O N** |
| a.k.a. ELEANOR F. BRUNGER, | | |
| a.k.a. ELEANOR BRUNGER, | : | |
| DECEASED. | | **CASE NO. 2019-P-0014** |

Civil Appeal from the Portage County Court of Common Pleas, Probate Division.
Case No. 2016 ES 537.

Judgment: Affirmed.

*S. Kim Kohli*, pro se, 1 Memory Lane, Suite 400, Garrettsville, OH 44231 (Appellant).

TIMOTHY P. CANNON, J.

{¶1} Appellant, Attorney S. Kim Kohli, appeals from the decision of the Portage County Court of Common Pleas, Probate Division, denying her motion for extraordinary attorney fees following a hearing upon remand from this court. Appellant's motion relates to services she performed during the administration of the Estate of Eleanor Faye Brunger, a.k.a. Eleanor F. Brunger, a.k.a. Eleanor Brunger, Deceased. The probate court's judgment is affirmed.

{¶2} On December 1, 2017, appellant filed a motion for extraordinary attorney fees and an application/computation of estate attorney fees totaling $2,395.01. The value of the estate, adjusted for the real value of personal property sold, is $11,987.85. For an

estate of that value, Portage County Probate Court Local Rule 71.2(B) and (K) provides that attorney fees are presumed reasonable and allowable at a rate of 4%. Thus, according to that rate, appellant requested $479.51 in ordinary fees. Appellant requested an additional $1,915.50 in extraordinary fees.

{¶3} Attached to the motion and application was an itemized fee bill detailing the dates and types of services provided to the estate and the hourly rate for those services. Appellant calculated the fees and costs for the services she provided to the estate from October 2016 through October 2017 at $2,819.09 for 12.25 hours of work. Appellant indicated she would accept $2,395.01 as total payment, presumably because, as stated in the First Partial Account, this is the amount remaining in the estate after all other disbursements have been made.

{¶4} Simultaneously, a "consent to payment of attorney fees outside court guidelines" was filed by each beneficiary of the estate: Glenna L. Hovatter (fiduciary of the estate and decedent's daughter); Cheryl D. Lutes (decedent's daughter); Jennifer McPherson (decedent's granddaughter); and a representative of the Medicaid Division of the Ohio Attorney General's Office. Also accompanying these documents was a Final Account, Receipts, and Disbursements.

{¶5} On December 14, 2017, the probate court summarily denied appellant's motion for extraordinary fees, without a hearing, finding the "attorney's fees requested are not extraordinary."

{¶6} The clerk of courts returned the Final Account, Receipts, and Disbursements for appellant to make corrections that would reflect the probate court's

2

ruling. Appellant filed the First Partial Account on January 10, 2018, which reflects an undistributed balance of $2,395.01.

{¶7} On January 12, 2018, appellant filed a notice of appeal from the probate court's summary denial of her motion for extraordinary fees. Appellant first argued the probate court abused its discretion by denying her motion without holding a hearing. This court concluded the probate court did not abuse its discretion in failing to hold a hearing, because the affected parties did not challenge appellant's motion or the contents of the itemized fee bill and they approved the application for attorney fees. *In re Estate of Brunger*, 11th Dist. Portage No. 2018-P-0003, 2018-Ohio-4474, ¶10 (relying on Portage County Probate Court Local Rule 71.2(E)&(G)).

{¶8} This court found merit, however, with appellant's second argument, that the probate court abused its discretion in denying her motion without determining whether the requested fees were necessary and reasonable. We remanded the matter to the probate court, stating:

> The probate court summarily denied the request for extraordinary fees, stating, without analysis or discussion, that 'the fees requested are not extraordinary.' The probate court was not bound to accept appellant's itemization of services she performed on behalf of the estate. It is impossible, however, to discern whether the probate court analyzed the reasonable value of the ordinary and necessary services appellant did provide to the estate. Without more of an indication as to the probate court's reasoning for denying all the requested fees, over and above the $479.51 presumed reasonable, we must remand for further proceedings.
>
> * * *
>
> It appears from the information contained in appellant's itemized bill that there were at least two significant matters to address in relation to the size of the estate. The first was the resolution of a significant debt related to the mobile home owned by the decedent. The second was a negotiation with the Ohio Attorney General's office with regard

3

to a Medicaid lien. Finally, it is not clear how the balance of the estate would be distributed based on the disapproval of appellant's requested fees. This may be relevant to an assessment of the reasonableness in relation to the size of the estate.

We conclude the denial of appellant's motion without determining the reasonable value of legal services provided by appellant to the estate was an abuse of discretion.

*Brunger*, *supra*, at ¶21-24, citing *In re Estate of Murray*, 11th Dist. Trumbull No. 2004-T-0030, 2005-Ohio-1892, ¶24.

{¶9} Following remand, on December 13, 2018, the probate court held a hearing on appellant's motion. Appellant was present, as well as Glenna L. Hovatter, fiduciary of the estate. Appellant submitted she was entitled to extraordinary attorney fees because of the following:

- Opening the estate with a purported will at the executor's request and attempting to locate witnesses to validate the will

- Modifying the paperwork to proceed intestate after the will was deemed invalid

- Preparing a bill of sale and requesting the court's consent to sell a used television

- Contacting the decedent's nursing home multiple times to obtain a refund of overpayment

- Corresponding with the funeral home for a refund of prepaid expenses

- Preparing correspondence to the Ohio Medicaid Division

- Obtaining a consent transfer to title to the decedent's mobile home

- Miscellaneous correspondence

{¶10} In a January 10, 2019 journal entry, the probate court granted appellant $750.00 in attorney fees, which is the minimum reasonable attorney fee for a full estate

4

administration pursuant to Portage County Probate Court Local Rule 71.2(L). The probate court recited rules of superintendence and professional conduct, statutory factors, and case law before concluding:

> Time alone is not the dispositive factor in a determination of reasonableness. *Swanson v. Swanson* [48 Ohio App.2d 85 (8th Dist.1976)].
>
> In the Motion before the Court there is [sic] no extraordinary services provided. The estate is small and counsel should have known counsel fees would not be great regardless of hourly rate charged.
>
> Weighing all the factors and evidence before the Court reasonable attorney's fees for the benefit of this Estate shall be $750.00.

{¶11} Appellant filed the instant appeal, raising four assignments of error:

> [1.] The trial court erred and abused its discretion when it determined that the hourly rate billed by appellant was excessive for the size of the estate.
>
> [2.] The trial court erred and abused its discretion when it failed to consider all relevant factors relating to reasonableness of attorney fees.
>
> [3.] The trial court erred and abused its discretion when it failed to determine whether all of the 12.25 hours of service appellant provided to the estate were necessary and beneficial to the administration of the estate, and the reasonable value of those services.
>
> [4.] The trial court erred and abused its discretion when it failed to provide guidance to appellant as to how the monies not applied to her fees should be distributed.

{¶12} "An attorney retained to assist in the administration of an estate is entitled to reasonable attorney fees paid as part of the expenses of administration." *In re Estate of Bretschneider*, 11th Dist. Geauga No. 2005-G-2620, 2006-Ohio-1013, ¶6, citing *Murray*, *supra*, at ¶20; *see also* R.C. 2113.36 ("If an attorney has been employed in the administration of the estate, reasonable attorney fees paid by the executor or

5

administrator shall be allowed as a part of the expenses of administration."). Attorney fees "must be reasonable both from the standpoint of the attorney rendering the services and from the standpoint of the estate out of which payment is being made." *In re Estate of Love*, 1 Ohio App.2d 571, 578 (10th Dist.1965). The attorney has the burden to introduce evidence of the services performed, the reasonable value of those services, and that the billed time was fair, proper, and reasonable. *Bretschneider*, *supra*, at ¶15, citing *In re Estate of Lindquist*, 11th Dist. Portage No. 95-P-0041, 1995 WL 815334, *2 (Dec. 22, 1995) and *In re Estate of Williams*, 11th Dist. Lake No. 2003-L-200, 2004-Ohio-3993, ¶21. The reasonableness of a fee is to be determined by the probate court and is governed by the Ohio Rules of Professional Conduct. *See* Sup.R. 71(A).

{¶13} Pursuant to Prof.Cond.R. 1.5(a), the following factors are to be considered in determining the reasonableness of a fee:

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
>
> (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
>
> (3) the fee customarily charged in the locality for similar legal services;
>
> (4) the amount involved and the results obtained;
>
> (5) the time limitations imposed by the client or by the circumstances;
>
> (6) the nature and length of the professional relationship with the client;
>
> (7) the experience, reputation, and ability of the lawyer or lawyers performing the services;
>
> (8) whether the fee is fixed or contingent.

6

{¶14} As provided in Portage County Probate Court Local Rule 71.2(A), these factors are adapted more specifically to the reasonableness of a fee for legal services in connection with the administration of an estate:

1. The time and effort required;

2. The complexity and difficulty of the Estate and the various matters and questions involved, including the determination of Federal and State Income taxes and Estate taxes;

3. The degree of skill required to perform these services to the best advantage of the Estate;

4. Fees customarily charged in Portage County for such service;

5. The amount and character of the assets, including non-probate assets included in the gross estate for Estate Tax purposes and the liability of the Estate;

6. The benefits resulting from the Estate from the services;

7. The experience and ability of the Attorney or Attorneys performing these services and all other relevant factors.

{¶15} Additional reasonable attorney fees may be permitted for extraordinary services performed for the benefit of the estate. Pursuant to Portage County Probate Court Local Rule 71.2(F), examples of extraordinary services which may be compensated include, but are not limited to, the following:

1. Actions for the estate in a Court other than Probate;

2. A contested matter in Probate Court;

3. In connection with the preparation or filing, audit, protest of, contest of an income or gift tax return, or liability incurred by the decedent or personal representative;

4. In connection with the settlement of the estate taxes with respect to insurance not payable to the estate, gifts in contemplation of death, or general testamentary powers of appointment not exercised by the decedent and other testamentary powers of appointment not

7

exercised by the decedent and other negotiations not represented by assets included in the gross value of the estate;

5. With respect to problems of valuation or taxability of property for estate taxes or protest of such taxes;

6. In connection with matters which are unusual or excessive for the size of the estate;

7. In connection with the performance of duties normally performed by the fiduciary but which fall to the lawyer because of the fiduciary's inexperience, lack of ability, or absence from the place from which the assets of the estate must be managed;

8. Sale of business or business assets;

9. Proceedings to determine heirship;

10. Proceedings involving partnership;

11. Completion of a land contract.

{¶16} "The allowance of fees for services rendered by attorneys employed by an executor or administrator is a matter within the discretion of the probate court and we will not disturb the court's determination save an abuse of discretion." *Bretschneider*, *supra*, at ¶15, citing *In re Estate of Wirebaugh*, 84 Ohio App.3d 1, 4-5 (6th Dist.1992). Under this standard of review, an appellate court may not substitute its judgment for that of the trial court. The fact that this court, or another court, might have reached a different conclusion on the same facts is not sufficient to establish an abuse of discretion. *McLeod v. McLeod*, 11th Dist. Lake No. 2000-L-197, 2002-Ohio-3710, ¶102. Rather, a court abuses its discretion when its decision is "unreasonable, arbitrary, or unconscionable." *State ex rel. Edwards v. Toledo City School Dist. Bd. of Edn.*, 72 Ohio St.3d 106, 107 (1995) (citation omitted); *see also State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-

8

Ohio-1900, ¶62, quoting *Black's Law Dictionary* 11 (8th Ed.2004) (defining "abuse of discretion" as the "failure to exercise sound, reasonable, and legal decision-making").

{¶17} Here, even though appellant established some services were performed that were beyond what may have been normal for an estate this size, those services did not necessarily benefit the estate. As a result, we cannot conclude that the probate court abused its discretion in awarding appellant attorney fees in the amount of $750.00.

{¶18} In her first, second, and third assignments of error, appellant asserts the probate court abused its discretion by (1) suggesting that the hourly rate billed by appellant was excessive; (2) failing to consider all relevant factors; and (3) failing to consider the evidence before it regarding the necessity of the services provided and the reasonableness of the fees charged for those services. We do not find support for these assertions in the record.

{¶19} First, the probate court did not conclude appellant's hourly rate was excessive. Rather, it stated that appellant should have known she would not receive all requested fees, "regardless of hourly rate charged," due to the small size of the estate.

{¶20} Second, the probate court spent five pages of its seven-page journal entry enumerating all of the statutory, rule-based, and case law considerations relevant to making such a fee determination. It then stated it had weighed all of those factors, as well as the evidence before it, in concluding that reasonable attorney fees for the benefit of the estate are $750.00.

{¶21} Finally, the case law emphasized in the journal entry indicates the probate court's decision was based upon the small size of the estate and the time and labor appellant spent on services that benefited the estate itself, rather than the exact amount

9

of hours appellant submitted in her fee request or on services that may have benefited third parties. The following portion of the hearing transcript also reveals what evidence and factors the probate court considered and weighed in fashioning its decision:

> THE COURT: Okay. Normally when we talk about extraordinary fees we're talking about a Will contest or Will construction, determination of benefits, beneficiaries on it, collection of taxes, tax advice, purchase, sale or lease of real estate, * * * or zoning issues, something of that sort. None of that occurred in this Estate other than the mobile home title[. Or] carrying on a decedent's business or compensation disputes in a business that the decedent had owned or ancillary administration of assets in some other state[. So] as far as the Court's aware none of that occurred, right?
>
> MS. KOHLI: No, that is correct, your Honor.
>
> THE COURT: Okay, and the Court also has to determine not only the time and labor of the attorney, which is certainly one factor, but the reasonable value of the services to the Estate, not to anyone else, to the Estate[.]

It is clear the probate court considered all relevant factors and the evidence before it regarding the necessity of the services provided and the reasonableness of the fees charged for those services.

{¶22} Appellant's first, second, and third assignments of error are without merit.

{¶23} In her fourth assignment of error, appellant argues the trial court abused its discretion by denying appellant's request because it was already approved by the Ohio Medicaid Division. She asserts that, "[b]y reducing the amount of attorney's fees to $750.00, the court has created a situation where the State will be paid, when it does not wish to be paid." Appellant suggests that the representative of the Ohio Medicaid Division deemed her attorney fees reasonable because he signed the consent form for fees outside the guidelines.

10

{¶24} We find no basis to reverse the probate court's decision merely because the Medicaid representative consented to appellant's request for extraordinary fees. There is no indication that the representative deemed appellant's request reasonable, only that it consented not to receive payment from the estate. Even if the consent is viewed as an indication that the representative deemed the request reasonable, it is nothing more than acquiescence. The fact that the state may receive payment, despite its consent not to receive payment, is neither dispositive of appellant's request nor binding on the probate court. Further, while not clear from the record, it is possible Medicaid may still be in a position to waive recoupment.

{¶25} In considering all the factors relevant to the estate and the services performed for its benefit, supported by the record, the probate court properly exercised its discretion in granting appellant the minimum reasonable amount of attorney fees for a full administration, albeit less than appellant had requested.

{¶26} Appellant's fourth assignment of error is without merit.

{¶27} The judgment of the Portage County Court of Common Pleas, Probate Division, is hereby affirmed.


CYNTHIA WESTCOTT RICE, J.,

MARY JANE TRAPP, J.,

concur.

11